# BRIAN PONDER LLP
# TRIAL LAWYERS

745 Fifth Avenue
Suite 500
New York, NY 10151

Tel 646.450.9461
Fax 646.607.9238

December 28, 2022

Defendant's objections, as outlined below, will be addressed at the January 10, 2023, status conference,

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

Dated: December 30, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**VIA CM/ECF**

**Re:** *US v. Whitehead*, 1:22-cr-692-LGS; Defendant's objection to scheduling Order [10]

Dear Judge Schofield:

I represent Lamor Whitehead. This letter is in response to your Order [19] entered on 12/27/22. Defendant objects, in part, to the current schedule for discovery, pretrial motions, and the exclusion of time through the date of the status conference in the Court's Order [10] on 12/22/22.

Defendant objects to the portion of the Court's Order [10] entered on 12/22/22, that provides, "The Government shall produce any Rule 16 discovery in its possession by **February 1, 2023**, with any outstanding discovery to be produced on a rolling basis." Defendant proposes that the Government be required to promptly turn over any Rule 16 discovery currently in its possession, and, likewise, promptly turn over any Rule 16 discovery that later comes into its possession. Further, this Court via Order [5] on 12/19/22, ordered that "[t]he Government shall disclose [*Brady* and *Giglio*] information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of [his] case." Likewise, Defendant requires the Government's Rule 16 discovery production promptly so Defendant may make effective use of the information in the preparation of his case. Local Criminal Rule 12.4 provides that "'promptly' shall mean 'within fourteen (14) days[.]'" Defendant adopts this district's definition of "promptly" for the Court's Order [5] and Rule 16. That is, the Government should be required to produce *Brady* and *Giglio* information by **1/2/23**. And, the Government should be required to produce Rule 16 discovery information by **1/6/23**. Defendant served formal Rule 16 discovery requests [14] upon the Government on 12/23/22. Under FRCrP 16(c) the Government "must promptly disclose" all new information it may obtain. Thus, the Government must produce new *Brady*, *Giglio*, or Rule 16 information **within 14 days**.

1

Defendant objects to the portion of the Court's Order [10] entered on 12/22/22, that provides, "Defendant's motion(s) if any, shall be filed by **March 15, 2023**." Defendant does not want to foreclose on his ability to file pretrial motions up until the start of trial, as per FRCrP 12(c)(1). Defendant proposes his deadline to file pretrial motions be "the start of trial." FRCrP 12(c)(1).

Defendant objects to the portion of the Court's Order [10] entered on 12/22/22, that provides, "The Government's response, if any, [to Defendant's motions] shall be by March 15, 2023." Defendant requests that the Government's responses to Defendant's pretrial motions be under Local Criminal Rule 49.1, which provides that "[a]ny opposing papers shall be filed and served within fourteen (14) days after service of the motion papers." Further, per Local Criminal Rule 49.1, "Any reply papers shall be filed and served within seven (7) days after service of the opposing papers." Defendant posits that such compliance of the rules allows for fairness. Additionally, such application of the Local Criminal Rules is consistent with the provisions of Rule 2 of the Federal Rules of Civil Procedure, which provides that "the rules are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay." Allowing the Government to delay its response time to Defendant's pre-trial motions will unduly prejudice Defendant by delaying the administration of this case to Defendant's detriment. Thus, for any motion, the Government should respond in 14 days and Defendant reply in 7 days.

Defendant objects to the portion of the Court's Order [10] entered on 12/22/22, that provides, "The Court finds that the ends of justice served by excluding the time between today and April 11, 2023, outweigh the best interests of the public and the Defendant in a speedy trial as provided in 18 U.S.C. 3161(h)(7)(A) because it will permit the Government time to produce discovery and the Defendant time to review that discovery and contemplate the filing of any motions." The Government does not need that time to produce discovery as the Court mentions. The Government made it clear that its requested delay is deliberate for tactical advantage. *See* [9] (The Government notes that its needs longer than six weeks to obtain access to devices.). Defendant has a constitutional right to a speedy trial. *See* U.S. Const. amend. VI ("[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."). "The right to a speedy trial has been deemed 'fundamental' to our system of justice since its inception." *United States v. Black*, 918 F.3d 243, 253 (2d Cir. 2019) (*quoting Klopfer v. North Carolina*, 386 U.S. 213, 223-26 (1967)). The right to a speedy trial recognizes that the defendant, as well as the public, "is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'just delayed is justice denied.'" *United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995); Fed. R. Crim. P. 50 ("Scheduling preference must be given to criminal proceedings[.]"). The Government has not given any reasons for delay based on its inability to produce discovery. The Government's deliberate delay, engineered for tactical advantage, weighs against it. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). Defendant's constitutional right to a speedy trial is activated "by arrest [or] indictment[.]" *Doggett v. United States*, 505 U.S. 647, 655 (1992). Defendant's Indictment [2] was unsealed on 12/19/22. By Court Order [8], Speedy Trial time under 18 U.S.C. § 3161(h)(7) is excluded until 1/3/2023. Speedy trial commences within 70 days. 18 U.S.C. § 3161(c)(1). 4/11/23 is 113 days out. Defendant is prejudiced by pretrial anxiety and impairment of his defense for such delay. The Court should not exclude more time. Should Defendant later need any continuance, he will set forth specific reasons that will allow the Court to find the "ends of justice" served by granting his motion. 18 U.S.C. § 3161(h)(7)(A).

In summary, Defendant proposes the following timetable for an amended scheduling order:

| | |
|---|---|
| Deadline for the Government to disclose information under *Brady v. Maryland*. | 1/2/2023 |
| Deadline for the Government to disclose information under *Giglio v. US*. | 1/2/2023 |
| Deadline for the Government to produce Rule 16 discovery in its possession. | 1/6/2023 |
| Deadline for Defendant to file motions, if any. | Start of trial |
| Deadline for the Government's response, if any, to motions filed by Defendant. | 14 days |
| Deadline for Defendant to file a reply to the Government's response to motion. | 7 days |
| Date until which the speedy trial time is excluded under 18 U.S.C. § 3161(h)(7). | 1/3/2023 |
| Proposed status conference date. | 1/10/2023 |

## CERTIFICATION OF CONFERENCE

As per the Court's Order [19], I certify that the parties conferred on the proposed modification. The parties do not agree to the proposed modification, i.e., the Government does not agree to it. However, the Government states, "we have discovery available to produce to you this week."[1] The government's attorney states it may give a written statement of its objections by January 3. Given Defendant's proposed modification, time is of the essence and prays the Court acts sooner. Defendant notes that the Court's Order [19] did not require the Government's written statement. Therefore, Defendant requests that the Court does not delay and wait for any such statement. Alternatively, Defendant requests that the Government be ordered to file its objections by 12/29.

Sincerely,

s/ Brian L. Ponder

*Attorney for Defendant*

---

[1] Email from Mr. Andrew Rohrbach to Brian Ponder, *et al.* dated December 28, 2022, 10:05 A.M.