UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA,<br><br>v.<br><br>LAMOR WHITEHEAD,<br><br>Defendant. | Case No. 1:22-cr-00692-LGS<br><br>**DEFENDANT'S NOTICE OF MOTION FOR BILL OF PARTICULARS PURSUANT TO FED. R. CRIM. P. 7(f)** |
|---|---|

PLEASE TAKE NOTICE THAT Defendant LAMOR WHITEHEAD ("Defendant") for an order directing the Government to file a bill of particulars pursuant to Fed. R. Crim. P. 7(f). This motion is pursuant to: Fed. R. Crim. P. 2, 7(c)(1), 7(f), 12(b)(1), and 47; Local Criminal Rules 1.1 and 16.1; and Section E of Your Honor's Individual Rules and Procedures for Criminal Cases. The grounds for Defendant's motion are:

(1) The charges in the Indictment [2] are so general that they do not advise Defendant of the specific acts of which he is accused;

(2) Defendant needs the bill of particulars to prepare for trial;

(3) Defendant needs the bill of particulars to prevent surprise;

(4) Defendant needs the bill of particulars to interpose a plea of double jeopardy should he be prosecuted a second time for the same offenses;

(5) The Government has made insufficient disclosures concerning its evidence;

(6) The Government has made insufficient disclosures concerning its alleged victims;

(7) The Government has made insufficient disclosures concerning its witnesses; and

(8) The Government's pretrial discovery disclosures are so voluminous (i.e., 9,000+ files) that Defendant remains uninformed about the specific acts of which he is accused, when (i.e., date and time) and where the alleged crimes took place, where the alleged crimes took place, and the circumstances around the alleged crimes.

The particulars sought by Defendant are set forth below:[1]

(1) Identify and describe the specific "course of conduct" by Defendant. [2] at p. 1, ¶ 1.[2]

(2) Identify and describe the specific amount of "money" sought by Defendant. *Id*.

(3) Identify and describe the specific "other things of value" sought by Defendant. *Id.*

(4) Identify "victims" that Defendant sought money and other things of value from. *Id.*

(5) Identify and describe the specific "threats" made by Defendant. *Id.*

(6) Identify and describe the specific "false promises" made by Defendant. *Id*.

(7) Identify and describe the specific "victims' investments" mentioned. *Id.*

(8) Identify and describe the specific "victims" that Defendant intended to defraud. *Id.*

(9) Identify and describe the specific "victims" that Defendant did defraud. *Id.*

(10) Identify and describe the specific amount "money" taken by Defendant "with no intention of investing it, returning it, or enriching the victims." *Id.*

(11) Identify and describe the specific "other property" taken by Defendant "with no intention of investing it, returning it, or enriching the victims." *Id.*

---

[1] References to any allegation or matter in this motion or accompanying memorandum in order to obtain the relief sought or the particulars of the alleged facts or matters do not constitute an admission.

[2] "Identify" when used in reference to a natural person means to state his or her: (1) full name; (2) present or last known business and residence addresses and telephone numbers; (3) present or last known official business position; and (4) business affiliation, address and title. "Identify" when used in reference to a business entity means to state its: (1) full name; (2) present or last known form of organization (e.g., corporation, partnership); and (3) present or last known address of its principal place of business. "Identify" when used in reference to a document means to provide, with respect to it, the following information: (1) the date or approximate date and (2) its title or heading, nature (e.g., letter, telegram, memorandum), substance, and location, with sufficient particularity to enable it to be easily identified by its custodian in response to a subpoena duces tecum or a motion to produce. "Describe" means to provide with respect to any act, occurrence, transaction, event, statement, communication or conduct all facts concerning any such act, including but not limited to, a description of each act, the date, the location, and the names and addresses of all persons involved.

(12)    Identify the time, date, and place (i.e., city and state) of the allegations contained in paragraph number 2 of the Indictment [2]. [2] at p. 1, ¶ 2.

(13)    Identify the "individual" described in paragraph number 2, line 3, of the Indictment [2]. [2] at p. 1, ¶ 2.

(14)    Identify the "Victim-1" described in paragraph number 2, line 4, of the Indictment [2]. [2] at p. 1, ¶ 2.

(15)    Identify the "her son" described in paragraph number 2, line 4, of the Indictment [2]. [2] at p. 1, ¶ 2.

(16)    Identify and describe the specific "terms" of the agreement in paragraph number 2, line 5, of the Indictment [2]. [2] at p. 1, ¶ 2.

(17)    Identify and describe the "agreement" in paragraph number 2, line 6, of the Indictment [2]. [2] at p. 1, ¶ 2.

(18)    Identify the parties to the "agreement" in paragraph number 2, line 6, of the Indictment [2]. [2] at p. 1, ¶ 2.

(19)    Identify the time, date, and place (i.e., city and state) that the "agreement" in paragraph number 2, line 6, of the Indictment [2] was entered into. [2] at p. 1, ¶ 2.

(20)    Identify the medium, if any, that "agreement" in paragraph number 2, line 6, of the Indictment [2] was written or recorded, or whether it was only oral. [2] at p. 1, ¶ 2.

(21)    Identify and describe the type of "home" in paragraph number 2, line 7, of the Indictment [2], such as the contemplated number of bedrooms, baths, and square feet, etc. allegedly agreed to by Defendant and "Victim-1" under the terms of their alleged agreement. [2] at p. 1, ¶ 2.

(22)  Identify the time, date, and place (i.e., city and state) of the allegations contained in paragraph number 3 of the Indictment [2]. [2] at p. 2, ¶ 3.

(23)  Identify "Victim-2" described in paragraph number 3, line 2, of the Indictment [2]. [2] at p. 2, ¶ 3.

(24)  Identify and describe the specific "stake" mentioned in paragraph number 3, line 3, of the Indictment [2]. [2] at p. 2, ¶ 3.

(25)  Identify and describe the specific "certain real estate transactions" mentioned in paragraph number 3, line 4, of the Indictment [2]. [2] at p. 2, ¶ 3.

(26)  Identify and describe the specific "interest in real estate transactions" alleged in paragraph number 3, line 5-6, of the Indictment [2]. [2] at p. 2, ¶ 3.

(27)  Identify and describe the specific "favorable actions by the New York City government" alleged in paragraph number 3, line 6-7, of the Indictment [2]. [2] at p. 2, ¶ 3.

(28)  Identify the time, date, and place (i.e., city and state) that Defendant allegedly told Victim-2 "that they would make 'millions[]'" as alleged in paragraph number 3, line 10, of the Indictment [2] was entered into. [2] at p. 2, ¶ 3.

(29)  Identify the time, date, and place (i.e., city and state) of the allegations contained in paragraph number 4 of the Indictment [2]. [2] at p. 2, ¶ 4.

(30)  Identify and describe the specific "threats" alleged in paragraph number 4, line 2, of the Indictment [2]. [2] at p. 2, ¶ 4.

(31)  Identify and describe the specific "force" alleged in paragraph number 4, line 2, of the Indictment [2]. [2] at p. 2, ¶ 4.

(32) Identify the "business" owned by the Victim-2 alleged in paragraph number 4, line 3, of the Indictment [2]. [2] at p. 2, ¶ 4.

(33) Identify the "law enforcement" alleged in paragraph number 4, line 4, of the Indictment [2]. [2] at p. 2, ¶ 4.

(34) Identify the time, date, and place (i.e., city and state) of "the payment" of $5,000 made by Victim-2 to Defendant as alleged in paragraph number 4, line 4, of the Indictment [2]. [2] at p. 2, ¶ 4.

(35) Identify the time, date, and place (i.e., city and state) of the allegations contained in paragraph number 5 of the Indictment [2]. [2] at p. 2, ¶ 5.

(36) Identify the "special agents" alleged in paragraph number 5, line 2, of the Indictment [2]. [2] at p. 2, ¶ 4.

(37) Identify and describe the specific words that Defendant "told the agents" as alleged in paragraph number 4, line 4, of the Indictment [2]. [2] at p. 2, ¶ 5.

(38) Identify and describe "the cellphone which was on his person" as alleged in paragraph number 4, line 5, of the Indictment [2]. [2] at p. 2, ¶ 5.

(39) Identify and describe the "second cellphone ('Phone-2')" as alleged in paragraph number 4, line 6-7, of the Indictment [2]. [2] at p. 2, ¶ 5.

(40) Identify the time, date, and place (i.e., city and state) of the allegations "telling the agents" occurred as contained in paragraph number 5, lines 9-10, of the Indictment [2]. [2] at p. 2, ¶ 5.

(41) Identify the time, date, and place (i.e., city and state) of the allegations contained in paragraph number 7 of the Indictment [2]. [2] at p. 3-4, ¶ 7.

(42)    Identify and describe the "scheme" as alleged in paragraph number 7, line 4, of the Indictment [2]. [2] at p. 3, ¶ 7.

(43)    Identify and describe the "artifice" as alleged in paragraph number 7, line 4, of the Indictment [2]. [2] at p. 3, ¶ 7.

(44)    Identify and describe the specific "money" as alleged in paragraph number 7, line 5, of the Indictment [2]. [2] at p. 3, ¶ 7.

(45)    Identify and describe the specific "property" as alleged in paragraph number 7, line 5, of the Indictment [2]. [2] at p. 3, ¶ 7.

(46)    Identify and describe the specific "pretenses" as alleged in paragraph number 7, line 6, of the Indictment [2]. [2] at p. 3, ¶ 7.

(47)    Identify and describe the specific "representations" as alleged in paragraph number 7, line 6, of the Indictment [2]. [2] at p. 3, ¶ 7.

(48)    Identify and describe the specific "promises" as alleged in paragraph number 7, line 6, of the Indictment [2]. [2] at p. 3, ¶ 7.

(49)    Identify and describe the specific "wire, radio, and television communication in interstate and foreign commerce" as alleged in paragraph number 7, lines 7-8, of the Indictment [2]. [2] at p. 3, ¶ 7.

(50)    Identify and describe the specific "writings, signs, signals, pictures, and sounds" as alleged in paragraph number 7, lines 8-9, of the Indictment [2]. [2] at p. 3-4, ¶ 7.

(51)    Identify and describe the specific "material representations" as alleged in paragraph number 7, lines 10-11, of the Indictment [2]. [2] at p. 4, ¶ 7.

(52)    Identify and describe the specific "real estate investment" as alleged in paragraph number 7, lines 12, of the Indictment [2]. [2] at p. 4, ¶ 7.

(53)     Identify and describe the "interstate wire" as alleged in paragraph number 7, lines 13, of the Indictment [2]. [2] at p. 4, ¶ 7.

(54)     Identify the time, date, and place (i.e., city and state) of when Victim-1 sent the "interstate wire" alleged in paragraph number 7, line 13, of the Indictment [2]. [2] at p. 4, ¶ 7.

(55)     Identify the time, date, and place (i.e., city and state) of when Defendant received the "interstate wire" alleged in paragraph number 7, line 13, of the Indictment [2]. [2] at p. 4, ¶ 7.

(56)     Identify the time, date, and place (i.e., city and state) of the allegations contained in paragraph number 9 of the Indictment [2]. [2] at p. 4-5, ¶ 9.

(57)     Identify and describe the "scheme" as alleged in paragraph number 9, line 3, of the Indictment [2]. [2] at p. 4, ¶ 9.

(58)     Identify and describe the "artifice" as alleged in paragraph number 9, line 3, of the Indictment [2]. [2] at p. 4, ¶ 9.

(59)     Identify and describe the specific "money" as alleged in paragraph number 9, line 4, of the Indictment [2]. [2] at p. 4, ¶ 9.

(60)     Identify and describe the specific "property" as alleged in paragraph number 9, line 5, of the Indictment [2]. [2] at p. 4, ¶ 9.

(61)     Identify and describe the specific "pretenses" as alleged in paragraph number 9, line 5, of the Indictment [2]. [2] at p. 4, ¶ 9.

(62)     Identify and describe the specific "representations" as alleged in paragraph number 9, line 5, of the Indictment [2]. [2] at p. 4, ¶ 9.

(63)　Identify and describe the specific "promises" as alleged in paragraph number 9, line 5, of the Indictment [2]. [2] at p. 4, ¶ 9.

(64)　Identify and describe the specific "wire, radio, and television communication in interstate and foreign commerce" as alleged in paragraph number 9, lines 6-7, of the Indictment [2]. [2] at p. 4, ¶ 9.

(65)　Identify and describe the specific "writings, signs, signals, pictures, and sounds" as alleged in paragraph number 9, lines 8-9, of the Indictment [2]. [2] at p. 3-4, ¶ 7.

(66)　Identify and describe the specific "material representations" as alleged in paragraph number 9, lines 9-10, of the Indictment [2]. [2] at p. 4, ¶ 9.

(67)　Identify and describe the specific type(s) of "interstate communications" as alleged in paragraph number 9, lines 10, of the Indictment [2]. [2] at p. 4, ¶ 9.

(68)　Identify and describe the specific "money" as alleged in paragraph number 9, lines 11, of the Indictment [2]. [2] at p. 5, ¶ 9.

(69)　Identify and describe the specific "other property" as alleged in paragraph number 9, lines 12, of the Indictment [2]. [2] at p. 5, ¶ 9.

(70)　Identify the time, date, and place (i.e., city and state) of the allegations contained in paragraph number 11 of the Indictment [2]. [2] at p. 5, ¶ 11.

(71)　Identify and describe the "extortion" as alleged in paragraph number 11, line 4, of the Indictment [2]. [2] at p. 5, ¶ 11.

(72)　Identify and describe the "money" as alleged in paragraph number 11, line 5, of the Indictment [2]. [2] at p. 5, ¶ 11.

(73)　Identify and describe the "property" as alleged in paragraph number 11, line 6, of the Indictment [2]. [2] at p. 5, ¶ 11.

(74)   Identify the "person" alleged in paragraph number 11, line 6, of the Indictment [2]. [2] at p. 5, ¶ 11.

(75)   Identify and describe the "force" as alleged in paragraph number 11, line 8, of the Indictment [2]. [2] at p. 5, ¶ 11.

(76)   Identify and describe the "violence" as alleged in paragraph number 11, line 8, of the Indictment [2]. [2] at p. 5, ¶ 11.

(77)   Identify and describe the "fear" as alleged in paragraph number 11, line 8, of the Indictment [2]. [2] at p. 5, ¶ 11.

(78)   Identify and describe the "articles" in commerce as alleged in paragraph number 11, line 9, of the Indictment [2]. [2] at p. 5, ¶ 11.

(79)   Identify and describe the "commodities" in commerce as alleged in paragraph number 11, line 10, of the Indictment [2]. [2] at p. 5, ¶ 11.

(80)   Identify and describe the "threats" as alleged in paragraph number 11, line 11, of the Indictment [2]. [2] at p. 5, ¶ 11.

(81)   Identify and describe the "force" as alleged in paragraph number 11, line 11, of the Indictment [2]. [2] at p. 5, ¶ 11.

(82)   Identify the "business" (i.e., legal name, tradename, and address) alleged in paragraph number 11, line 11, of the Indictment [2]. [2] at p. 5, ¶ 11.

(83)   Identify the time, date, and place (i.e., city and state) of the allegations contained in paragraph number 13 of the Indictment [2]. [2] at p. 6, ¶ 13.

(84)   Identify and describe the "trick" as alleged in paragraph number 13, line 5, of the Indictment [2]. [2] at p. 6, ¶ 13.

(85) Identify and describe the "scheme" as alleged in paragraph number 13, line 5, of the Indictment [2]. [2] at p. 6, ¶ 13.

(86) Identify and describe the "device" as alleged in paragraph number 13, line 5, of the Indictment [2]. [2] at p. 6, ¶ 13.

(87) Identify and describe the "material fact" as alleged in paragraph number 13, line 6, of the Indictment [2]. [2] at p. 6, ¶ 13.

(88) Identify and describe the "statement" as alleged in paragraph number 13, line 7, of the Indictment [2]. [2] at p. 6, ¶ 13.

(89) Identify and describe the "representations" as alleged in paragraph number 13, line 7, of the Indictment [2]. [2] at p. 6, ¶ 13.

(90) Identify the time, date, and place (i.e., address, city and state) of the "execution of a search warrant" as alleged in paragraph number 13, line 8, of the Indictment [2]. [2] at p. 6, ¶ 13.

(91) Identify and describe the "special agents" alleged in paragraph number 13, line 9, of the Indictment [2]. [2] at p. 6, ¶ 13.

(92) Identify and describe with specificity what Defendant "told special agents" as alleged in paragraph number 13, line 9, of the Indictment [2]. [2] at p. 6, ¶ 13.

(93) Identify the Foreperson who signed the Indictment [2]. [2] at p. 8.

Defendant cannot ascertain sufficient details of the specific offenses to prepare for trial and his defense will be unduly prejudiced without the bill of particulars to set forth needed information. In support of this motion, the Court is respectfully referred to the record herein, rules noted above, the memorandum of law filed in support filed simultaneously herewith, and any oral argument. A proposed order granting the relief sought be Defendant is attached hereto and emailed.

                                                              Respectfully submitted,

Dated: New York, New York
January 3, 2023

s/ Brian L. Ponder
Brian L. Ponder, Esq. (BP0696)
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461
Facsimile: (646) 607-9238 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAMOR WHITEHEAD,<br><br>Defendant. | Case No. 1:22-cr-00692-LGS<br><br>**AFFIRMATION OF CONFERENCE OF COUNSEL PURSUANT TO LOCAL CRIMINAL RULE 16.1** |

I, Brian L. Ponder, Esq., affirm and certify that counsel has attempted to confer with counsel for the Government in an effort in good faith to resolve by agreement the issues raised by motion herein without the intervention of the Court and I have been unable to reach an agreement.

Respectfully submitted,

Dated: New York, New York
January 3, 2023

s/ Brian L. Ponder
Brian L. Ponder, Esq. (BP0696)
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461
Facsimile: (646) 607-9238 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAMOR WHITEHEAD,<br><br>Defendant. | Case No. 1:22-cr-00692-LGS<br><br>**CERTIFICATE OF SERVICE** |

I certify that a copy of the foregoing was served upon all parties via CM/ECF.

Respectfully submitted,

Dated: New York, New York
January 3, 2023

s/ Brian L. Ponder
Brian L. Ponder, Esq. (BP0696)
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461
Facsimile: (646) 607-9238 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR DEFENDANT