

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 17, 2023

**BY ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: **United States v. Whitehead**, 22 Cr. 692 (LGS)

Dear Judge Schofield:

  In accordance with the Court's January 13, 2022 order, the Government respectfully submits this letter in response to defendant Lamor Whitehead's motion for modification of his bail conditions or, in the alternative, the identities of victims and witnesses in this case (Dkt. No. 33, hereinafter "Motion"). In the Motion, Whitehead argues that the Government must disclose the identities of victims and witnesses in this case because his bail conditions—to which he consented in open court—include a prohibition on contact with such persons. In the alternative, Whitehead argues that this prohibition must be lifted. The Court should reject these arguments and deny the Motion.

  The prohibition on contact between a defendant and the victims or witnesses in his case is a standard bail condition in this District. Indeed, it is so standard that it is pre-printed on the bond form. (Dkt. No. 8 ¶7(g)). Yet, as the Court is no doubt aware, courts in this district do not require the Government to provide a witness list to the defendant at the start of the case. This is not surprising.

  *First*, it is difficult to imagine that a defendant would (or could) be charged with violating the conditions of his release by having contact with someone he did not know was either a victim or witness in his case. *See generally United States v. Jones*, No. 85 CR 1075 (CSH), 1986 WL 12711, at *1 (S.D.N.Y. Nov. 6, 1986) (finding violation of bail conditions where defendant acted knowingly and willfully).

  *Second*, defendants are not entitled to a witness list at such an early stage of a case. *See, e.g., United States v. Ulbricht*, No. 14-CR-68 KBF, 2014 WL 7273954, at *1 (S.D.N.Y. Dec. 12, 2014) (finding disclosure of witness list three days before trial sufficient); *United States v. Rivera*, No. 09-CR-619 (SJF), 2010 WL 1438787, at *4 (E.D.N.Y. Apr. 7, 2010) ("Insofar as defendants request disclosure of the identities of government's witnesses, the prosecution has no general duty to disclose the identity of its witnesses who will testify against defendants in advance of trial, nor does Rule 16 of the Federal Rules of Criminal Procedure require the government to furnish the

names of its witnesses prior to trial" (citations omitted)).  Moreover, the defendant is plainly aware of the identities of the primary victims in this case, since he is engaged in civil litigation with them.[1]

*Finally*, Whitehead's complaints about lack of a speedy Government response (*see* Motion 2) are unwarranted.  Whitehead's counsel reached out to the Government on January 13, 2023 by a 10:48 a.m. email and filed the Motion—claiming "urgent" circumstances and the need for "emergency" judicial action—at 5:17 p.m. the same day, before the Government could confer with him.  But Whitehead has identified no reason to believe that he was in imminent danger of inadvertently speaking with an unidentified Government witness, or that the Government would seek his remand if such an unlikely accident occurred.  The Government therefore respectfully submits that the resources of the Court and the parties would be more efficiently used if the defendant reserved "urgent" "emergency" filings for true emergencies.

For the foregoing reasons, the Motion should be denied, and Whitehead's bail conditions should remain unmodified.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:    /s/
        Hagan Scotten
        Celia Cohen
        Andrew Rohrbach
        Assistant United States Attorneys
        Tel.: (212) 637-2410 / 2466 / 2345

---

[1] As the Court is aware based on discussions at the January 12, 2023, conference, Victim-1 and her son have an open civil case against Whitehead.  In addition, after his receipt of discovery in this case, Whitehead filed a civil suit against Victim-2, seeking a declaratory judgment concerning certain facts that he appears to believe are material to Count Three.  (*See* Ex. A). Although the Government has not yet determined the appropriate response to this novel attempt to influence a victim in a federal criminal case by pursuing civil litigation against him, this suit suffices to show—at the very least—that Whitehead has identified the victims at issue.

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| LAMOR WHITEHEAD, | |
|---|---|
| Plaintiff, | |
| v. | Index No. |
| | Date Index No. Purchased: |
| | **SUMMONS** |
| Defendants. | |

To the above-named Defendants:

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint. The basis of venue is CPLR § 503(c) based on Defendant's residence in Nassau County, NY.

Respectfully submitted,

Dated: New York, New York
       January 9, 2023

Brian L. Ponder, Esq.
BRIAN PONDER LLP
TRIAL LAWYERS
745 Fifth Avenue, Suite 500
New York, New York 10151-0099
Telephone: (646) 450-9461
Facsimile: (646) 607-9238 (not for service)
Email: brian@brianponder.com (not for service)
ATTORNEY FOR PLAINTIFF

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| LAMOR WHITEHEAD,<br><br>                                Plaintiff,<br>v.<br><br>                              Defendants. | Index No.<br><br>**VERIFIED COMPLAINT AND JURY DEMAND** |

1. Plaintiff LAMOR WHITEHEAD ("Plaintiff") as and for his Verified Complaint alleges:

2. Defendant ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is a domestic business corporation (DOS #: 3721521) filed on 9/17/2008 listing Nassau County, NY.

3. Defendant ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is an individual, who, at all times referenced herein, was an employee and/or agent of ▇▇▇▇.

4. Pursuant to NY CPLR 3001, Plaintiff requests a judgment declaring the rights, duties, and obligations of the Parties with respect to payments made to/from Defendants concerning Plaintiff.

5. Plaintiff's Mercedes Benz G550 was in a crash on 2/28/22 and taken to ▇▇▇▇ for repair.

6. ▇▇▇▇ assisted Plaintiff in all steps of the repair and offered to provide a rental vehicle.

7. Defendants gave Plaintiff an SUV rental that did not work, then told Plaintiff to get a rental.

8. ▇▇▇▇ assured Plaintiff that he would pay Plaintiff for the rental chosen by Plaintiff.

9. So, Plaintiff rented an SUV at a cost of $5,000 to use while ▇▇▇▇ repaired of his G550.

10. State Farm paid ▇▇▇▇ via Gotham Auto Enterprises Inc. under claim # 30-31C0-42R01.

11. Plaintiff followed up on the $5,000 costs with ▇▇▇▇ who paid it back in cash in NJ.

12. ▇▇▇▇'s repair of Plaintiff's G550 was subpar; Plaintiff took his car elsewhere for repair.

13. ▇▇▇▇ overhead Plaintiff discussing a renovation loan for his multiunit property.

14. ▇▇▇▇ asked to be a hard money lender on Plaintiff's property renovation for a return.

15. The renovation was for fire escapes and egress of a multiunit apartment building in CT.

1

16. \_\_\_\_\_ agreed to lend Plaintiff $500,000 at 10% (1 year term) for a property renovation.

17. However, \_\_\_\_\_ never drafted the mortgage documents or funded the $500,000 loan.

18. \_\_\_\_\_ on multiple occasions represented to Plaintiff that he wired the $500,000 funds.

19. \_\_\_\_\_ represented to Plaintiff that the $500,000 wire would take 1 to 2 business days.

20. Plaintiff noted that no paperwork was signed, but \_\_\_\_\_ advised Plaintiff not to worry.

21. \_\_\_\_\_ never funded the loan, but did reimburse Plaintiff for the $5,000 rental costs.

22. WHEREFORE, Plaintiff requests a declaratory judgment against Defendants declaring:

 a. That Plaintiff's Mercedes Benz G550 was crashed and taken to \_\_\_\_\_ for repair;

 b. \_\_\_\_\_ assisted Plaintiff in the G550's repair and offered to pay for a rental car;

 c. Defendants delivered a rental automobile to Plaintiff that was not fully operative;

 d. \_\_\_\_\_ told Plaintiff to get a rental car on and \_\_\_\_\_ would pay for the rental;

 e. Plaintiff rented an automobile to use during \_\_\_\_\_'s repair of Plaintiff's G550;

 f. Plaintiff spent $5,000 on the rental vehicle that \_\_\_\_\_ promised to pay for;

 g. State Farm paid \_\_\_\_\_ via Gotham Auto Enterprises Inc. for the repair claim;

 h. Plaintiff had to follow up with \_\_\_\_\_ to pay the $5,000 bill for the rental car;

 i. \_\_\_\_\_ after repeated follow up paid Plaintiff $5,000 cash in Paramus, NJ;

 j. \_\_\_\_\_'s repair of Plaintiff's G550 was subpar, so he took it elsewhere for repair;

 k. \_\_\_\_\_ asked Plaintiff's about his real estate business and to invest $500,000;

 l. Plaintiff did not make any illegal promises to \_\_\_\_\_ to agree use his investment;

 m. Plaintiff agreed to use \_\_\_\_\_'s investment, but \_\_\_\_\_ never paid the funds;

 n. Plaintiff's transactions with \_\_\_\_\_ were legal and not by threats;

 o. \_\_\_\_\_'s decision to pay Plaintiff $5,000 for a rental car was voluntary without use of threats of force or any other illegal measure by Plaintiff directed to \_\_\_\_\_;

| | |
|---|---|
| Dated: New York, New York<br>January 9, 2023 | Respectfully submitted,<br><br>*/s/ Brian L. Ponder*<br>Brian L. Ponder, Esq.<br>BRIAN PONDER LLP<br>TRIAL LAWYERS<br>745 Fifth Avenue, Suite 500<br>New York, New York 10151-0099<br>Telephone: (646) 450-9461<br>Facsimile: (646) 607-9238 (not for service)<br>Email: brian@brianponder.com (not for service)<br>ATTORNEY FOR PLAINTIFF |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| LAMOR WHITEHEAD,<br><br>         Plaintiff,<br><br>v.<br><br>_____,<br><br>         Defendants. | Index No.<br><br>**PLAINTIFF'S VERIFICATION PURSUANT TO NY C.P.L.R. § 3020** |

I, LAMOR WHITEHEAD, swear, affirm, and declare under penalty of perjury and state:

1. I am the plaintiff in the above-entitled civil action;

2. I have read the foregoing **VERIFIED COMPLAINT AND JURY DEMAND** and know the contents thereof; and

3. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Dated: 01/09/2023

_Lamor Whitehead_
LAMOR WHITEHEAD

State of Florida

County of Broward

Before me, RONY JEAN, on this day personally appeared, **LAMOR WHITEHEAD**, to be the person whose name is subscribed on the foregoing instrument and acknowledged to me that she executed the same for the purposes and consideration therein expressed. Given under my hand and seal of office this 01/09/2023.

_Rony Jean_
Notary Public's Signature
Printed: RONY JEAN

My commission expires:

07/25/2025

RONY JEAN
Notary Public - State of Florida
Commission # HH 139046
Expires on July 25, 2025

Notarized online using audio-video communication

4