# BRIAN PONDER LLP
# TRIAL LAWYERS

745 Fifth Avenue
Suite 500
New York, NY 10151

Tel 646.450.9461
Fax 646.607.9238

January 17, 2023

The Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
**VIA CM/ECF**

**Re:** *US v. Whitehead*; 1:22-cr-00692-LGS; letter-motion to temporarily stay bail condition

Dear Judge Schofield:

I represent Defendant Lamor Whitehead ("Defendant" or "Bishop Whitehead") in this action. Defendant filed an emergency letter-motion [33] for temporary modification of the bail disposition [8] to stay the condition of "[n]o contact with victims or witnesses" until the Government provides a list of the identity of the subject victims or witnesses. A simple request. The Government has filed a response [36] in opposition to Defendant's request for a stay. Interestingly, the Government's response appears to be couched in opposing a request for it to be compelled to provide a victim and witness list, when Defendant's motion has no such request. Clearly, Defendant's motion is to stay the undefined bail condition until such a list is produced. Nevertheless, Defendant in reply would like to categorically address the Government's points.

First, the Government argues it is difficult to imagine Defendant being charged with violating the conditions of his release by having contact with someone he did not know was either a victim or witness in the case. The bail condition makes no condition of whether Defendant knows who is a victim or witness in the case, or not. The bail condition forbids contact with victims or witnesses. The Government does not cite to any legal authority precluding Defendant's request for a stay. The Government's argument about what would happen in the event of a violation is not yet ripe.

Second, the Government argues that Defendant is not entitled to a witness list at this early stage. Again, the Government is arguing points not yet before this Court; no motion requests such a list. Defendant seeks a stay of the bail condition until such time the witness/victim list is so produced. However, not to derail the Court from the issue and request before it, but Defendant notes that

this Court has the discretion to order the government to disclose a witness list where the defense makes a sufficient showing of need for the information. *See United States v. Cannone*, 528 F.2d 296, 298-300 (2d Cir. 1975). Defendant argues that it has made such a showing in its request, however, again, the issue of compelling the Government to produce a list is not before the Court. The Government alludes to and attached papers involving civil litigation pending in state court. The Government writes, "the defendant is plainly aware of the identities of the primary victims in this case, since he is engaged in civil litigation with them." [36] at 2. First, what is a "primary victim[?]" The Indictment [2] refers to a Victim-1 and Victim-2 throughout. The Court will recognize that the Indictment [2] makes no mention or distinction of primary, secondary, or tertiary, etc. witnesses. Next, if the Government's position is that Victim-1 and Victim-2 are the individuals who are parties in the cited civil actions, then it can and should indicate the same. The Government's choice to be cryptic about identifying victims to comply with bail is baffling. Notwithstanding the foregoing, that is not the issue before this Court. Defendant seeks a stay. The Government does not address its issue, if any, with a stay of the bail condition as requested.

Finally, the Government takes issue with the emergency nature of the motion before the Court. Also, the Government speculates on whether Defendant is concerned of witness/victim contact. The motion is urgent because the bail condition is in effect and Defendant is bound to comply. The bail condition is undefined, as Defendant does not know the identities of victims/witnesses. The Government may provide such list in due course, but the condition may be stayed until then. The Government has made no argument of substance in opposition to the request for a stay. Accordingly, the Court should grant Defendant's request and modify the bail condition term to: "No contact with victims or witnesses. This condition is stayed up until such time the Government serves upon Defendant via his attorneys of record, a list of victims and witnesses."

Sincerely,

s/ Brian L. Ponder

Brian L. Ponder, Esq. (BP0696)
brian@brianponder.com
*Attorney for Defendant*