UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA,<br><br>  v.<br><br>LAMOR WHITEHEAD,<br><br>                                   Defendant. | Case No. 1:22-cr-00692-LGS<br><br>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR SPECIAL ORDER PURSUANT TO LOCAL CRIMINAL RULE 23.1(h)** |
|---|---|

## I. INTRODUCTION

In violation of Local Criminal Rule 23.1, the following persons released or authorized the release of non-public information or opinion which was disseminated by means of public communication in connection with this pending litigation that created a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice: (1) United States Attorney Damian Williams ("U.S. Attorney Williams"); (2) Federal Bureau of Investigation Assistant Director Michael J. Driscoll ("FBI Assistant Director Driscoll"); and (3) government agent Brandon Belmonte ("Mr. Belmonte"). A 23.1(h) special order is needed.

## II. ISSUES

The issues before the Court are the following:

  i.   Whether U.S. Attorney Williams is a "lawyer" subject to Local Criminal Rule 23.1.

  ii.  Whether FBI Assistant Director J. Driscoll is a "government agent[ or] police officer[]" under Local Criminal Rule 23.1.

  iii. Whether Mr. Belmonte is a "government agent[]" under Local Criminal Rule 23.1.

  iv.  Whether U.S. Attorney Williams released or authorized the release of non-public information or opinion which was disseminated by means of public communication in connection with this pending litigation.

1

  v.  Whether FBI Assistant Director Driscoll released or authorized the release of non-public information or opinion which was disseminated by means of public communication in connection with this pending litigation.

  vi.  Whether Mr. Belmonte released or authorized the release of non-public information or opinion which was disseminated by means of public communication in connection with this pending litigation.

  vii.  Whether the non-public information or opinion released or authorized to be released by U.S. Attorney Williams created a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

  viii.  Whether the non-public information or opinion released or authorized to be released by FBI Assistant Director Driscoll created a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

  ix.  Whether the non-public information or opinion released or authorized to be released by Mr. Belmonte created a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

**III. RULES**

Local Criminal Rule 23.1(a) provides:

It Is the duty of the lawyer or law firm, and of non-lawyer personnel employed by a lawyer's office or subject to a lawyer's supervision, private investigators acting under the supervision of a criminal defense lawyer, and government agents and police officers, not to release or authorize the release of non-public information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which they are associated, if there is a substantial likelihood that such

dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

Local Criminal Rule 23.1(d) provides, in pertinent part:

Statements concerning the following subject matters presumptively involve a substantial likelihood that their public Dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of this rule:

     \*     \*     \*

(4) The identity, testimony or credibility of prospective witnesses[];

     \*     \*     \*

(6) Information the lawyer or law firm knows is likely to be inadmissible at trial and would if disclosed create a substantial likelihood of prejudicing an impartial trial; and

(7) Any opinion as to the accused' guilt or innocence or as to the merits of the case or the evidence in the case.

Local Criminal Rule 23.1(h) provides:

The Court, on motion of either party or on its own motion, may issue a special order governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused to a fair trial by an impartial jury, the seating and conduct in the courtroom of spectators and news media representatives, the management and sequestration of jurors and witnesses and any other matters which the Court may deem appropriate for inclusion in such order. In determining whether to impose such a special order, the Court shall consider whether such an order will be necessary to ensure an impartial jury and must find that other, less extreme available remedies, singly or collectively, are not feasible or would not effectively mitigate the pretrial publicity and bring about a fair trial. Among the alternative remedies to be considered are: change of venue, postponing the trial, a searching voir dire, emphatic jury instructions, and sequestration of jurors.

## IV. ARGUMENT

### a. U.S. Attorney Williams is a "lawyer" under Local Criminal Rule 23.1.

U.S. Attorney Williams is a "lawyer" under Local Criminal Rule 23.1. Rule 1(b)(1)(B) of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.) provides, in pertinent part: "The following definitions apply to these rules: "Attorney for the government" means . . . a United States attorney or an authorized assistant[.]" U.S. Attorney Williams signed the Indictment [2] that is charging instrument in this case. U.S. Attorney Williams is subject to Local Criminal Rule 23.1.

      **b. FBI Assistant Director Driscoll is a "government agent" under Local Criminal Rule 23.1.**

FBI Assistant Director Driscoll is a "government agent[ or] police officer[]" under Local Criminal Rule 23.1. The FBI was established as an agency of the Government on or about July 26, 1908. It follows that its employees are government agents. Therefore, FBI Assistant Director Driscoll is by definition a "government agent[.]" Thus, FBI Assistant Director Driscoll is a "government agent" subject to the provisions of Local Criminal Rule 23.1.

      **c. Mr. Belmonte is a "government agent[]" subject to Local Criminal Rule 23.1.**

Mr. Belmonte is a "government agent[]" subject to Local Criminal Rule 23.1. "Most generally, a government will be somebody acting in an official capacity on behalf of a Federal… government[,]" according to Jenna Solari, a senior instructor in the Federal Law Enforcement Training Centers Legal Division. *See* https://www.fletc.gov/audio/definition-government-agent-under-4th-amendment-mp3. During the investigation of the alleged offenses in this pending litigation, Mr. Belmonte worked at the behest of the Government, including, but not limited to, the FBI, specifically under the direction of FBI Special Agent Thomas (Tom) Ford. Thus, Mr. Belmonte is a "government agent[]" subject to the provisions of Local Criminal Rule 23.1.

      **d. U.S. Attorney Williams released or authorized the release of non-public information or opinion.**

U.S. Attorney Williams released or authorized the release of non-public information or opinion which was disseminated by means of public communication in connection with this pending litigation. On Monday, December 19, 2022, U.S. Attorney Williams released or authorized the release of a press release on its website here: https://www.justice.gov/usao-sdny/pr/us-attorney-announces-arrest-lamor-whitehead-fraud-extortion-and-false-statements. The text in the press release states, "Damian Williams, the United States Attorney for the Southern District of New York, and Michael J. Driscoll, Assistant Director in Charge of the New York Field Office

of the Federal Bureau of Investigation ("FBI"), announced[.]" Accordingly, U.S. Attorney Williams released or authorized the release of the opinion noted in violation of Local Criminal Rule 23.1.

### e. FBI Assistant Director Driscoll released or authorized the release of non-public information or opinion.

FBI Assistant Director Driscoll released or authorized the release of non-public information or opinion which was disseminated by means of public communication in connection with this pending litigation. On Monday, December 19, 2022, U.S. Attorney Williams released or authorized the release of a press release on its website here: https://www.justice.gov/usao-sdny/pr/us-attorney-announces-arrest-lamor-whitehead-fraud-extortion-and-false-statements. The text in the press release states, "Damian Williams, the United States Attorney for the Southern District of New York, and Michael J. Driscoll, Assistant Director in Charge of the New York Field Office of the Federal Bureau of Investigation ("FBI"), announced[.]" Accordingly, FBI Assistant Director Driscoll released or authorized the release of the opinion in violation of Local Criminal Rule 23.1.

### f. Mr. Belmonte released or authorized the release of non-public information or opinion.

Mr. Belmonte released or authorized the release of non-public information or opinion which was disseminated by means of public communication in connection with this pending litigation. Mr. Belmonte is directedly quoted in an article written by Eric Lach in The New Yorker that was published on or about January 14, 2023. *See* https://www.newyorker.com/news/our-local-correspondents/how-eric-adams-started-mentoring-a-con-man. Mr. Belmonte's quotes contained non-public information and/or opinion, which is written below, about this pending litigation.

### g. The non-public information or opinion released or authorized to be released by U.S. Attorney Williams created a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

5

The non-public information or opinion released or authorized to be released by U.S. Attorney Williams created a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice. U.S. Attorney Williams, in his press release on Monday, December, 19, 2022, stated, "As we allege today, Lamor Whitehead abused the trust placed in him by a parishioner, bullied a businessman for $5,000, then tried to defraud him of far more than that, and lied to federal agents.  His campaign of fraud and deceit stops now." This opinion is impermissible under and a violation of Local Criminal Rule 23.1. Namely, the opinions of "abused . . . trust" and "bullied" are not in the Indictment. These opinions are presumptive 23.1 violations as per Local Criminal Rule 23.1(d). Accordingly, Defendant requests that this Court enter a special order pursuant to Local Criminal Rule 23.1(h) ordering U.S. Attorney Williams to remove the following comments that are currently posted on his website a press release: "As we allege today, Lamor Whitehead abused the trust placed in him by a parishioner, bullied a businessman for $5,000, then tried to defraud him of far more than that, and lied to federal agents.  His campaign of fraud and deceit stops now." *See* Local Criminal Rule 23.1(h) ("The Court . . . on its own motion, may issue a special order governing such matters[.]"); *United States v. Perryman*, 12-CR-0123 (ADS), at *26 (E.D.N.Y. Aug. 7, 2013) ("RVCPD is directed to remove the above-mentioned comments which are currently posted on its website."). Attached as **Exhibit A** is a true and correct copy of the subject press release released or authorized to be released by U.S. Attorney Williams.

    h. **The non-public information or opinion released or authorized to be released by FBI Assistant Director Driscoll created a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.**

The non-public information or opinion released or authorized to be released by FBI Assistant Director Driscoll created a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice. FBI Assistant Director Driscoll in U.S. Attorney Williams' press release on Monday, December, 19, 2022, stated, "As we

allege today, Whitehead carried out several duplicitous schemes in order to receive funds from his victims. Additionally, when speaking with authorities, Whitehead consciously chose to mislead and lie to them. If you are willing to attempt to obtain funds through false promises or threats, the FBI will ensure that you are made to face the consequences for your actions in our criminal justice system." The "consciously" opinion stated is not in the Indictment. Bishop Whitehead conscious or intent is not alleged in the Indictment as opined. Further, that ominous statement that "the FBI will ensure that you are made to face the consequences for your actions in our criminal justice system[,]" violates Rule 23.1. These opinions are presumptive 23.1 violations as per Local Criminal Rule 23.1(d). Accordingly, Defendant requests that this Court enter a special order pursuant to Local Criminal Rule 23.1(h) ordering FBI Assistant Director Driscoll to remove the following comments that are currently posted on U.S. Attorney Williams' website as a press release: "As we allege today, Whitehead carried out several duplicitous schemes in order to receive funds from his victims. Additionally, when speaking with authorities, Whitehead consciously chose to mislead and lie to them. If you are willing to attempt to obtain funds through false promises or threats, the FBI will ensure that you are made to face the consequences for your actions in our criminal justice system." *See* Local Criminal Rule 23.1(h) ("The Court . . . on its own motion, may issue a special order governing such matters[.]"); *United States v. Perryman*, 12-CR-0123 (ADS), at *26 (E.D.N.Y. Aug. 7, 2013) ("RVCPD is directed to remove the above-mentioned comments which are currently posted on its website."). Attached hereto as **Exhibit A** is a true and correct copy of the subject press release released or authorized to be released FBI Assistant Director Driscoll on the Internet.

> **i. The non-public information or opinion released or authorized to be released by Mr. Belmonte created a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice in this case.**

The non-public information or opinion released or authorized to be released by Mr. Belmonte created a substantial likelihood that such dissemination will interfere with a fair trial or

otherwise prejudice the due administration of justice in this case. Mr. Belmonte released a series of statements to *The New Yorker* journalist Eric Lach, who published a dunning article on Defendant and this litigation on January 14, 2023, online and, upon information and belief, in print, in *The New Yorker.* As of December 2019, *The New Yorker* reportedly had a print circulation of 1,231,715. Most importantly, *The New Yorker* also disseminated the subject article on their Internet web site, which is available in the Southern District of New York. Attached hereto as **Exhibit B** is a true and correct copy of the subject *The New Yorker* article. Bishop Whitehead alleges that Mr. Belmonte's statements made in the article violate Rule 23.1's prohibition against the release of opinion and non-pubic information by government agents that interfere with a fair trial or otherwise prejudice the due administration of justice. Accordingly, Defendant requests that the Court enter a special order pursuant to Local Criminal Rule 23.1(h), prohibiting Mr. Belmonte from making statements to the press in violation of Local Criminal Rule 23.1. Mr. Belmonte's statements to Eric Lach and *The New Yorker* violated Local Criminal Rule 23.1. His statements prejudice the due administration of justice and potentially interfered with a fair trial. Also, Mr. Belmonte violated Local Criminal Rule 23.1 by identifying a prospective government witness. *See* Local Criminal Rule 23.1(d)(4). Whether or not the Government will use said witness is not the issue. Local Criminal Rule 23.1(d)(4) prohibits the release of "[t]he identity, testimony or credibility of prospective witnesses[.]" Mr. Belmonte additionally gave his "opinion as to the accused's guilt . . . [and] as to the merits of the case or the evidence in the case[,]" which is prohibited by Local Criminal Rule 23.1 and presumptively violative of the rule as per Local Criminal Rule 23.1(d)(7).

      Namely, Mr. Belmonte released the following statements to Eric Lach and *The New Yorker*:

- "He basically says, 'You got to give me another five grand[.]'"

8

- "I said, 'Bro, the job was only twenty-five thousand. Thirteen and five is eighteen. The parts were seven grand. I'm gonna make zero.'"
- "I got City Hall in my back pocket[.]" (Mr. Belmonte said Bishop Whitehead said this.)
- "Eric's doing big things[.]" (Mr. Belmonte said Bishop Whitehead said this.)
- "I gotta get mine." (Mr. Belmonte said Bishop Whitehead said this.)
- "He said, 'Eric Adams can make it a homeless shelter, and you'll get city benefits[.]'"
- "He kept telling me we're gonna make millions together[.]"
- "And he said, 'You gotta give me the five grand or I'm gonna beat you up.'"
- "I said, 'I think the mayor of New York is on the take[.]'"
- "And he said, 'What do you mean?'" (Belmonte is referring to "he" being an investigator at the U.S. Attorney's office according to the article by Mr. Lach.)
- "I said, 'The mayor of New York City is trying to extort me, through someone else[.]'"

As evident in the article, Mr. Belmonte clearly identifies a potential government witness, which is expressly prohibited under Local Criminal Rule 23.1(d)(4). Furthermore, Mr. Belmonte gives non-public information to the press that is likely to be inadmissible at trial and created a substantial likelihood of prejudicing an impartial trial, which is expressly prohibited under Local Criminal Rule 23.1(d)(6). Also, Mr. Belmonte gives his opinion as the Bishop Whitehead's guilt and/or the merits of the case and/or the evidence in the case to the press that is likely to be

9

inadmissible at trial and created a substantial likelihood of prejudicing an impartial trial, which is expressly prohibited under Local Criminal Rule 23.1(d)(7). Without any doubt, Mr. Belmonte's statements violated subsection (d)(4), (d)(6), and (d)(7) of under Local Criminal Rule 23.1; he cannot at this point rebut the presumption. This is the exact kind of conduct that interferes with the due administration of justice, within the meaning of Local Criminal Rule 23.1. Not only did Mr. Belmonte identify a prospective government witness, but he provided opinion and evidence. Defendant certainly does not concede to his purported opinion and allege evidence. Mr. Belmonte's unbridled statements regarding the merits of the case, Defendant's guilt or innocence, and the potential evidence in the case, particularly evidence that would be inadmissible at trial, could potentially interfere with a fair trial in this matter. *See* Local Criminal Rule 23.1(d). Mr. Belmonte's released statements most certainly will reach the jury pool in this district, which would inevitably be tainted. In this age of the Internet, it is not unreasonably to assume that information given to the press, i.e., Eric Lach and *The New Yorker*, would be disseminated via the Internet to this judicial district, thereby tainting the jury pool. In this particular instance, Mr. Belmonte's statements were, in fact, disseminated via the Internet to this district. The article has gained widespread traction online and offline in NYC. Based on the foregoing, Defendant requests that this Court enter a special order prohibiting Mr. Belmonte from making any further statements that involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of Local Criminal Rule 23.1. *See* Local Criminal Rule 23.1(h) ("The Court . . . on its own motion, may issue a special order governing such matters[.]"); *United States v. Khan*, 538 F. Supp. 2d 929, 935 (E.D.N.Y. 2007) ("All . . . are prohibited from making any statement . . . that involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due

administration of justice within the meaning of Local Criminal Rule 23.1. In particular, [all] are prohibited from making statements concerning (1) the identity, testimony, or credibility of prospective or possible government witnesses, (2) information counsel know is likely to be inadmissible at trial and would, if disclosed, create a substantial likelihood of prejudicing an impartial trial; and (3) any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case, if such statements are reasonably likely to interfere with a fair trial or the administration of justice.")

## V. CONCLUSION

In light of the foregoing, Defendant request that his motion be GRANTED and that this Court enter a special order pursuant to Local Criminal Rule 23.1(h) with the proposed terms below:

a. the Government be ordered to file any opposition or objection on or by 1/23/2023;

b. Defendant ordered to file any reply to the Government's response by 1/27/2023;

c. ordering U.S. Attorney Williams to remove the following comments that are currently posted on his website in the form of a press release: "As we allege today, Lamor Whitehead abused the trust placed in him by a parishioner, bullied a businessman for $5,000, then tried to defraud him of far more than that, and lied to federal agents.  His campaign of fraud and deceit stops now."

d. ordering FBI Assistant Director Driscoll to remove the following comments that are currently posted on U.S. Attorney Williams' website as a press release: "As we allege today, Whitehead carried out several duplicitous schemes in order to receive funds from his victims.  Additionally, when speaking with authorities, Whitehead consciously chose to mislead and lie to them.  If you are willing to attempt to obtain funds through false promises or threats, the FBI will ensure that you are made to face the consequences for your actions in our criminal justice system."

  e. prohibiting Brandon Belmonte from making any further statements that involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of Local Criminal Rule 23.1.

              Respectfully submitted,

Dated: New York, New York    s/ Brian L. Ponder
    January 17, 2023      Brian L. Ponder, Esq. (BP0696)
              BRIAN PONDER LLP
              TRIAL LAWYERS
              745 Fifth Avenue, Suite 500
              New York, New York 10151-0099
              Telephone: (646) 450-9461
              Facsimile: (646) 607-9238 (not for service)
              Email: brian@brianponder.com (not for service)
              ATTORNEY FOR DEFENDANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>LAMOR WHITEHEAD,<br><br>                                    Defendant. | Case No. 1:22-cr-00692-LGS<br><br>**CERTIFICATE OF SERVICE** |
|---|---|

I certify that a copy of the foregoing was served upon all parties via CM/ECF.

                                    Respectfully submitted,

Dated: New York, New York            s/ Brian L. Ponder
       January 17, 2023              Brian L. Ponder, Esq. (BP0696)
                                     BRIAN PONDER LLP
                                     TRIAL LAWYERS
                                     745 Fifth Avenue, Suite 500
                                     New York, New York 10151-0099
                                     Telephone: (646) 450-9461
                                     Facsimile: (646) 607-9238 (not for service)
                                     Email: brian@brianponder.com (not for service)
                                     ATTORNEY FOR DEFENDANT