UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    UNITED STATES OF AMERICA,

                  -against-                            22 Crim. 692 (LGS)

    LAMOR WHITEHEAD,                          ORDER
                             Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on January 17, 18, 19 and 20, 2023, Defendant Lamor Whitehead filed the following four motions, respectively: (1) an "emergency" motion for a special order pursuant to Local Criminal Rule 23.1(h), (2) a motion to identify witnesses with juvenile adjudications and pending juvenile proceedings and to inspect juvenile files, (3) a motion for notice by the Government pursuant to Federal Rule of Criminal Procedure 12 of its intention to use specific evidence arguably subject to suppression and (4) a motion for pretrial production of evidence admissible to attack the credibility of Brandon Belmonte;

       WHEREAS, pursuant to the Order dated January 20, 2023, the Government filed a response in opposition to each of the above motions on February 3, 2023;

       WHEREAS, Defendant did not file a reply before the deadline of February 10, 2023.

       It is hereby **ORDERED** that Defendant's motions are resolved as follows:

       1.       Defendant's January 17, 2023, motion for a special order pursuant to Local Criminal Rule 23.1 is DENIED.  Local Criminal Rule 23.1(a) prohibits lawyers as well as "government agents" from "release[ing] or authoriz[ing] the release of non-public information or opinion" to the public, "in connection with pending or imminent criminal litigation with which they are associated, if there is a substantial likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice."  Rule 23.1(h) provides that

courts may issue "special order[s] governing such matters as extrajudicial statements by parties and witnesses likely to interfere with the rights of the accused." Rule 23.1(h) requires that, in doing so, a court "shall consider whether such an order will be necessary to ensure an impartial jury and must find that other, less extreme available remedies, singly or collectively, are not feasible or would not effectively mitigate the pretrial publicity and bring about a fair trial." Defendant seeks relief based on statements made in a press release announcing his arrest by U.S. Attorney Damian Williams and FBI Assistant Director Michael J. Driscoll, and by a private individual named Brandon Belmonte. None of the relief Defendant seeks is necessary to prevent any of those individuals' past or future statements from infringing Defendant's right to a fair trial as explained below.

<u>Statements by U.S. Attorney Williams and FBI Assistant Director Driscoll</u>

None of the statements attributed to U.S. Attorney Williams or FBI Assistant Director Driscoll in the Government's press release violates Rule 23.1. The press release contains an unremarkable recitation of "[t]he nature, substance or text of the charge, including a brief description of the offense charged," in substantially the terms used in the Indictment. L. Crim. R. 23.1(e)(3). Williams is quoted paraphrasing the charges, using the words "abused the trust" in place of "defrauded" and "bullied" instead of "attempted to extort." Driscoll is quoted characterizing the alleged fraud and attempted extortion as "duplicitous schemes," and the alleged false statements to federal agents as "consciously ch[oosing] to mislead and lie to them." The use of such near-synonyms does not constitute an "opinion as to [Defendant's] guilt or innocence or as to the merits of the case or the evidence in the case," L. Crim. R. 23.1(d)(7), particularly when prefaced by the qualifier, "[a]s we allege today." Similarly, Driscoll's general statement that the FBI would pursue others who would "attempt to obtain funds through false promises or threats"

is an unobjectionable statement of the FBI's mission.  Similar summaries of allegations contained in an indictment have been approved by other courts.  *See, e.g.*, *United States v. Avenatti*, 433 F. Supp. 3d 552, 567-571 (S.D.N.Y. 2020); *United States v. Woodberry*, 546 F. Supp. 3d 180, 186-190 (E.D.N.Y. 2021); *cf. United States v. Silver*, 103 F. Supp. 3d 370, 378-79 (S.D.N.Y. 2015) (taking issue with statements "that appeared to bundle together unproven allegations regarding the Defendant with broader commentary on corruption," but noting that the Government may discuss "the facts of a case, the offenses charged, and even 'the public policy significance of a case,' to the extent that such discussion is in furtherance of 'law enforcement goals'").

Statements by Brandon Belmonte

Defendant also seeks relief for Brandon Belmonte's statements to a journalist that appeared in an article in *The New Yorker*.  At least some of Belmonte's comments presumptively violate Rule 23.1, because they pertain to "the character or reputation of" Defendant and express "opinion as to [Defendant's] guilt."  L. Crim. R. 23.1(d)(1), (7).  However, even assuming for the purpose of this motion that Belmonte is a government agent, at least to some extent and at some times, this motion fails.  Defendant has not shown that an order restricting Belmonte's speech is necessary given that "other, less extreme available remedies" would effectively mitigate any prejudice to Defendant.  L. Crim. R. 23.1(h); *see United States v. Gotti*, No. 04 Crim. 690, 2004 WL 2757625, at *3 (S.D.N.Y. Dec. 3, 2004) ("[A] court may abridge a [private person's] First Amendment rights only when absolutely necessary to ensure the accused's right to a fair trial."); *see also United States v. Corbin*, 620 F. Supp. 2d 400, 403-04 (E.D.N.Y. 2009) (discussing interaction between fair trial rights and the ordinary prohibition on prior restraints of speech). The Government represents, based on discussions with Belmonte's counsel, that Belmonte has no intention of making further statements to the press about this case.  While this assurance may not

moot the motion entirely, there is no reason to think at this time that ordinary trial management tools will be insufficient to mitigate any risk to juror impartiality, including "searching voir dire" and "emphatic jury instructions." Rule 23.1(h).

2. Defendant's January 18, 2023, motion to identify witnesses with juvenile adjudications and pending juvenile proceedings and to inspect juvenile files is DENIED. Defendant has "not made a specific showing of need" for the Government's witness list. *United States v. Rivera*, No. 16 Crim. 175, 2017 WL 1843302, at *2 (S.D.N.Y. May 8, 2017) (collecting cases). *See generally United States v. Bejasa*, 904 F.2d 137, 139 (2d Cir. 1990) (noting that "Fed. R. Crim. P. 16 does not require the Government to furnish the names and addresses of its witnesses" and holding that district courts should not compel disclosure of witness lists absent "a *specific* showing that disclosure was both material to the preparation of the defense and reasonable in light of the circumstances surrounding the case" (cleaned up)); *accord United States v. Maxwell*, 534 F. Supp. 3d 299, 324 (S.D.N.Y. 2021). Defendant puts the cart before the horse in arguing that he needs to know the identities of the witnesses in order to make the required showing of need. After a trial date is set, the parties are directed to meet and confer and agree upon a date for disclosure of witness lists and impeachment materials, and further to meet and confer in an effort to narrow any potential motions *in limine* concerning prior convictions.

3. Defendant's January 19, 2023, motion for notice by the Government pursuant to Federal Rule of Criminal Procedure 12 of its intention to use specific evidence arguably subject to suppression is DENIED. Federal Rule of Criminal Procedure 12(b)(4)(B) "does not . . . impose an obligation on the Government 'to identify for the defense potentially suppressible evidence' or 'require the Government to preview its case.'" *United States v. Alexandre*, No. 22 Crim. 326, 2023 WL 416405, at *17 (S.D.N.Y. Jan. 26, 2023) (quoting *United States v. Conyers*,

15 Crim. 537, 2016 WL 7189850, at *10 (S.D.N.Y. Dec. 9, 2016)). "In order to trigger a notice obligation, the defendant's request must identify potentially suppressi[bl]e evidence *with specificity*." *Id.* (internal quotation marks omitted). Defendant has not done so here.

4. Defendant's January 20, 2023, motion for pretrial production of evidence admissible to attack the credibility of Brandon Belmonte is DENIED as moot based on the Government's representation that it does not intend to call Belmonte as a witness or offer any of his statements for the truth of the matter asserted. The Government represents that it intends to offer Belmonte's statements in recorded conversations with Defendant only to provide context for Defendant's own statements. If the Court determines that the proffered statements are appropriate background and not unduly prejudicial or excludable on some other ground, Belmonte's statements are not hearsay and not subject to impeachment under Federal Rule of Evidence 806. *Cf. United States v. Barone*, 913 F.2d 46, 49 (2d Cir. 1990) ("So long as the informant's recorded statements are not presented for the truth of the matter asserted, but only to establish a context for the recorded statements of the accused, the defendant's Sixth Amendment rights are not transgressed."); *accord United States v. Paulino*, 445 F.3d 211, 216 (2d Cir. 2006); *United States v. Cimino*, No. 14 Crim. 103, 2014 WL 5473234, at *1 (S.D.N.Y. Oct. 29, 2014), *aff'd*, 639 F. App'x 26 (2d Cir. 2016); *see United States v. Bouterse*, 765 F. App'x 463, 468 (2d Cir. 2019) (summary order) (applying this rule to hearsay); *United States v. Arline*, 660 F. App'x 35, 41 (2d Cir. 2016) (summary order) (same). Prior to trial, the parties are directed to meet and confer on this issue, and, if necessary, either party may file a motion *in limine*.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 38, 40, 42 and 44.

Dated: February 22, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE