```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

        - v. -                      :

LAMOR WHITEHEAD,                     :

        Defendant.                   :

- - - - - - - - - - - - - - - - - - x
```

**SUPERSEDING INDICTMENT**

S1 22 Cr. 692 (LGS)

OVERVIEW

1.      The charges in this Indictment arise from a course of conduct in which LAMOR WHITEHEAD, the defendant, sought to enrich himself through the use of both threats and falsehoods. As part of this course of conduct, WHITEHEAD made not only false representations in an effort to obtain loans, but also false promises that his victims' investments with WHITEHEAD would benefit the victims financially. In fact, WHITEHEAD, who leads a church in Brooklyn, New York, intended to and did defraud the victims by taking their money and other property with no intention of investing it, returning it, or enriching the victims.

2.      In or about June 2018, LAMOR WHITEHEAD, the defendant, submitted to an online loan broker an application for a $250,000 business loan for Anointing Management Services LLC (the "Business Loan Application" and "AMS LLC," respectively).   In the Business Loan Application, WHITEHEAD misrepresented the finances of AMS LLC, including by submitting fabricated bank

statements for an AMS LLC account at Bank-1 (the "Bank-1 Account").
WHITEHEAD ultimately was not issued the business loan. However,
WHITEHEAD continued to use fabricated bank statements for the
Bank-1 Account, among other fabricated bank records for AMS LLC,
from at least in or about October 2018 up to and including in or
about February 2019, in an effort to obtain a mortgage in excess
of $1.3 million to fund WHITEHEAD's purchase of a home in Paramus,
New Jersey. The material false statements in these loan
applications included, among other things, entirely fabricating a
bank account that did not in fact exist, and altering bank
statements for the Bank-1 Account to indicate that AMS LLC had an
average balance in excess of two million dollars, when in fact
during that time period AMS LLC had an average ending balance of
less than ten dollars.

3. From at least in or about April 2020 up to and
including in or about July 2021, LAMOR WHITEHEAD, the defendant,
elicited approximately $90,000 from an individual who attended his
church ("Victim-1") through a series of cellphone and internet
communications with Victim-1 and her son. Under the terms of
their agreement, WHITEHEAD would use the money to assist Victim-1
in obtaining a home, and after doing so, WHITEHEAD would otherwise
be able to use the money as an investment in his real estate
businesses. However, shortly after Victim-1 transferred WHITEHEAD

2

the money from her retirement savings, WHITEHEAD instead used Victim-1's money to purchase thousands of dollars of luxury goods and clothing, and he continued to use Victim-1's money for his own purposes.   WHITEHEAD never helped Victim-1 obtain a home and has not returned Victim-1's money, despite her request that he do so.

4.   In or about April and May 2022, LAMOR WHITEHEAD, the defendant, attempted to convince a businessman ("Victim-2") to lend WHITEHEAD approximately $500,000 and give him a stake in certain real estate transactions.   WHITEHEAD told Victim-2 that in exchange for this money and interest in real estate transactions, WHITEHEAD would obtain favorable actions by the New York City government for Victim-2 that would enrich both WHITEHEAD and Victim-2, when WHITEHEAD knew that he had no ability to obtain such actions.   Despite that knowledge, WHITEHEAD told Victim-2 that they would make "millions."

5.   Near the beginning of his relationship with Victim-2, LAMOR WHITEHEAD, the defendant, also used threats of force to obtain $5,000 from a business owned by the Victim-2.   At the direction of law enforcement, Victim-2 made the payment to WHITEHEAD.

6.   During the course of the investigation into the conduct of LAMOR WHITEHEAD, the defendant, special agents of the Federal Bureau of Investigation executed a search warrant for

3

cellphones on the person of WHITEHEAD. WHITEHEAD told the agents that he owned only the cellphone which was then on his person, when WHITEHEAD knew that he in fact owned a second cellphone ("Phone-2"), which he regularly used before and after the execution of the warrant, including to send a text message in which WHITEHEAD identified Phone-2 as "my other phone" shortly after telling the agents that he had no other phones.

## COUNT ONE
### (Wire Fraud)

The Grand Jury charges:

7.    The allegations contained in paragraphs 1 through 6 above are hereby repeated, alleged, and incorporated by reference as if fully set forth herein.

8.    From at least in or about April 2020 up to and including in or about June 2021, in the Southern District of New York and elsewhere, LAMOR WHITEHEAD, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, WHITEHEAD made material misrepresentations to Victim-1 and her son to obtain money from

4

Victim-1 as a purported real estate investment, which he received in part through use of an interstate wire, when he in fact intended to use the investment in whole or in part for personal purposes.

(Title 18, United States Code, Sections 1343 and 2.)

COUNT TWO
(Attempted Wire Fraud)

The Grand Jury further charges:

9.     The allegations contained in paragraphs 1 through 6 above are hereby repeated, alleged, and incorporated by reference as if fully set forth herein.

10.     In or about April and May 2022, in the Southern District of New York and elsewhere, LAMOR WHITEHEAD, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, WHITEHEAD made material misrepresentations to Victim-2, in interstate communications and otherwise, in an attempt to convince Victim-2 to transfer money and other property to WHITEHEAD.

(Title 18, United States Code, Sections 1343, 1349, and 2.)

COUNT THREE
(Attempted Extortion)

The Grand Jury further charges:

11.    The allegations contained in paragraphs 1 through 6 above are hereby repeated, alleged, and incorporated by reference as if fully set forth herein.

12.    From in or about February 2022 through in or about April 2022, in the Southern District of New York and elsewhere, LAMOR WHITEHEAD, the defendant, knowingly and willfully committed and attempted to commit extortion, as that term is defined in 18 U.S.C. § 1951(b)(2), by obtaining and attempting to obtain money and property from another person, with his consent, which consent was and would have been induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), to wit, WHITEHEAD used threats of force to attempt to obtain $5,000 from a business located in part in the Bronx, New York and owned by Victim-2.

(Title 18, United States Code, Section 1951.)

6

## COUNT FOUR
(False Statements)

The Grand Jury further charges:

13.   The allegations contained in paragraphs 1 through 6 above are hereby repeated, alleged, and incorporated by reference as if fully set forth herein.

14.   On or about June 8, 2022, in the Southern District of New York and elsewhere, LAMOR WHITEHEAD, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up by a trick, scheme, and device a material fact, and made a materially false, fictitious, and fraudulent statement and representations, to wit, during the execution of a search warrant for cellphones on WHITEHEAD's person, WHITEHEAD told special agents of the Federal Bureau of Investigation that he owned only the cellphone which was then on his person, when WHITEHEAD knew that he in fact owned and used Phone-2.

(Title 18, United States Code, Section 1001.)

7

COUNT FIVE
(Wire Fraud)

The Grand Jury charges:

15.   The allegations contained in paragraphs 1 through 6 above are hereby repeated, alleged, and incorporated by reference as if fully set forth herein.

16.   In or about June 2018, in the Southern District of New York and elsewhere, LAMOR WHITEHEAD, the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, in an effort to obtain a   $250,000   business   loan,   WHITEHEAD   made   material misrepresentations regarding the finances of Anointing Management Services LLC, which misrepresentations were conveyed and in turn relayed to potential lenders through interstate wires and otherwise.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATIONS

17. As a result of committing the offenses alleged in Counts One, Two, and Five of this Indictment, LAMOR WHITEHEAD, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

18. As a result of committing the offense alleged in Count Three of this Indictment, LAMOR WHITEHEAD, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

9

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section  853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS
United States Attorney

3-7-23    SUPERSEDING INDICTMENT FILED
NO WARRANT. CF

GABRIEL W. GORENSTEIN
USMJ

10