# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                :

UNITED STATES OF AMERICA

                                                :                   <u>DECLARATION</u>

       - v -

                                                :                   S1 22 Cr. 692 (LGS)

LAMOR WHITEHEAD,

                                                :

                Defendant.

                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THOMAS FORD, Special Agent, Federal Bureau of Investigation, affirms as follows:

       1.        On June 7, 2022, the Honorable Michael A. Hammer, United States Magistrate Judge, District of New Jersey, issued a warrant authorizing law enforcement to seize all Apple iPhones on Lamor Whitehead's person, including in any garments worn by him or any bags or containers carried by him, and to search those devices (the "Whitehead Personal Warrant").

       2.        On June 8, 2022, four members of law enforcement were in two vehicles in the vicinity of Whitehead's home in Paramus, New Jersey.  I was one of those four members of law enforcement.  Whitehead came out of his home and approached us.  We served Whitehead with the Whitehead Personal Warrant, conducted a pat down of Whitehead for officer safety, and seized a single Apple iPhone from Whitehead's pants pocket (the "Seized Phone").  Whitehead read the warrant and conveyed to us that he did not want to talk to us without an attorney present. We then gave Whitehead the opportunity to obtain phone numbers from the Seized Phone.  A member of law enforcement held the phone as Whitehead scrolled through it to write numbers down. At the conclusion of this process, law enforcement informed Whitehead that a separate search warrant had been obtained for Whitehead's church location in Brooklyn, New York, and

asked Whitehead to assist with opening that premises so that forced entry would not have to be made.  Whitehead agreed.

3. For approximately the next 20 minutes, Whitehead told law enforcement that he was attempting to make contact with someone who could open the Brooklyn premises.  During this time period, Whitehead—whose movements were never restricted—came in and out of his home freely, coming outside to obtain phone numbers from the Seized Phone that law enforcement was holding while standing outside in the driveway, and returning inside, ostensibly to make phone calls.  When we asked whose phone Whitehead was using to make phone calls, Whitehead responded that he was using his 14 year old daughter's phone.  When we asked if Whitehead had another phone on which he could be reached so that we did not have to continue to stand in his driveway, Whitehead responded that he did not.  When we asked a second time, in sum and substance, "You don't have a second cell phone that belongs to you that we could call you on?", Whitehead again denied owning another phone.  We then asked for the phone number of the landlord for the Brooklyn premises, which Whitehead gave us.  We then left.

4. At no time was Whitehead placed under arrest or told that he was under arrest.  At no time was Whitehead handcuffed.  At no time did law enforcement draw their weapons.  Other than the brief initial pat down of Whitehead, at no time were Whitehead's movements restricted.  At no time did law enforcement enter Whitehead's home.

5. Whitehead was arrested on December 19, 2022, and first appeared in court on the charges in the Indictment on that date

The foregoing is affirmed under the penalties of perjury, pursuant to Title 28, United States Code, Section 1746.

Dated: New York, New York
March 28, 2023

_____
Special Agent Thomas Ford
FBI