UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

                                                                                                                               **LETTER MOTION**
            -against-                                                                                      **IND# 22-CR-692 (LGS)**

**LAMOR WHITEHEAD,**

Defendant.
------------------------------------------------------------------X

Your Honor,

**PRELIMINARY STATEMENT**

      Defendant Lamor Whitehead submits this letter pursuant to the request of the Court.

    **I.**      **PROCEDURAL HISTORY**

      In January of 2023 a motion schedule was set in this case with defense motions due by March 15, 2023. On March 7, 2023, after that motion schedule (the "first schedule") was set, but before the motions were due, a superseding indictment was filed adding a fifth count to the indictment. A motion schedule (the "second schedule") was set as to Count Five with defense motions due on May 1, 2023.

      Then Co-Counsel Brian Ponder, Esq. filed a motion for an extension of the first motion schedule to align with the second motion schedule. The Government opposed the motion and the motion was denied in the afternoon on March 15, 2023. At this time Attorney Florio was on trial with a 2019 indictment in Bronx County. That case involved a homicide, a second homicide and attempted homicide, and a felony drug possession with intent to sell charge, with the offenses alleged across three separate dates. The trial lasted from March 1, 2023 until May 3, 2023.

1

Around 4:00 PM on March 15, 2023 Attorney Declan J. Murray, Esq. of the Dawn M. Florio Law Firm, upon learning that the motion for an extension was denied, called Attorney Ponder, who had been tasked with completing the motions, and asked that Attorney Ponder send over the motions so that Attorney Murray could edit them before sending to Attorney Florio for approval and submission. Attorneys Murray and Florio had not been given any reason to assume that Attorney Ponder, who has his own practice, was not capable of completing the motions and had allowed him to do such work without micromanagement related to timelines. In addition Attorney Ponder, not Attorneys Murray or Florio, had submitted the request for an extension of the motion schedule without consulting either Attorney Murray or Florio. There was no reason to suspect that Attorney Ponder had asked for an extension of the motion schedule without consultation unless he was the one completing the motions. During that conversation Attorney Ponder stated, in sum and substance, that he had not started the motions. Attorney Murray then undertook the writing of the motions to ensure that they were submitted by the deadline and not precluded. As a result of this the motions pursuant to the first motion schedule in this case were written in approximately seven and a half hours.

On May 1, 2023 defense motions pursuant to the second schedule were filed, many of which dealt with matters addresses in the first schedule. On May 3, 2023 the Court issued an order instructing the defense to file a letter related, at least in part, to the issues of timeliness.

## II.  ARGUMENT

### A. THE MOTIONS RELATE TO COUNT FIVE AND ARE THEREFORE NOT UNTIMELY

The motions filed here are not untimely as they do relate specifically to Count Five. Count Five states, in relevant part, that "in an effort to obtain a $250,000 business loan, WHITEHEAD

2

...

made material misrepresentations regarding the finances of Anointing Management Services LLC." Some of the warrants, specifically USAO 14561-14592, the December search warrant for 1 Sipporta Lane, in Paragraph 13(a), states that the allegedly illegitimate small business loan application is a basis for the search. It is unclear how this application, or information related to it, was obtained, but it seems probable that this was based upon information in the phones that had been seized and searched pursuant to prior search warrants. This specific wrinkle of the factual basis was not evident at the time of the first motion schedule as the Superseding Indictment was filed on March 7, 2023, just 8 days before motions were due. Given that this issue specifically relates to Count Five these motions are timely.

### B.  WERE THE MOTIONS TO BE CONSIDERED UNTIMELY THERE IS GOOD CAUSE FOR THE COURT TO CONSIDER THE MOTIONS

Federal Rule of Criminal Procedure 12(c)(3) stated, in relevant part, that "[i]f a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. *But* a court may consider the defense, objection, or request if the party shows good cause." (emphasis added). Were the Court to feel that these motions were untimely the Court would be allowed to consider them if the defense shows good cause. Good cause can be shown here.

Were the motions to be denied as untimely and there to be a conviction there would almost certainly be an appellate issue related to the matter of ineffective assistance of counsel on the part of Brian Ponder for not starting the motions[1]. Considering these motions avoids the risks of any collateral appellate process and best preserves judicial economy by ensuring the finality of any disposition.

---

[1] For example two of the warrants, those in Section A, were not challenged in the first motion.

This also would comport with the due process rights of Mr. Whitehead. He should not be penalized for an error on the part of counsel. This is especially relevant with regards to Section A of the second motion, which relates to a warrant that was not challenged in the initial motion. The Defense would obviously consent to the Government having as much additional time as is necessary to address these motions.

The matter here is analogous to United States v. Alawi, 20-CR-192 (JLS), 2021 WL 2252808 (W.D.N.Y. June 2, 2021). In Alawi the Court stated that they were "concerned, on these facts, about the balance between procedural rules – important as they are – and a defendant's constitutional rights." Citing see United States v. Ocean, 2015 WL 9272856 *5 (D. Me. Dec. 18, 2015) (considering defendant's motion even though it did not comply with a local rule regarding deadlines for filing supporting affidavits, after balancing the local rule against the defendant's constitutional rights); see also United States v. Thompson, No. 18-CR-00126 (EAW), 2019 WL 4509028, at *4 & n.4 (W.D.N.Y. Sept. 19, 2019) (exercising discretion to consider defendant's untimely affidavit of standing, where affidavit was filed after the Report and Recommendation issued). As in Alawi the Court should consider the balance between procedural rules and the rights of the Defendant. As in Alawi the balance here would lean towards the rights of the Defendant[2]. The motion schedule set by the Court an associated procedural rules are incredibly important, but the question of Mr. Whitehead's constitutional rights is likewise important. The error here was made by defense counsel, not Mr. Whitehead, yet if the motions are not considered it is Mr. Whitehead who will be impacted by that decision.

---

[2] It goes without saying that Counsel has no intention of repeating this situation in this, or any, case.

4

Further in Alawi the Court considered the "relative prejudice to the parties." The Court in Alawi stated "[t]his case is in its pretrial stages, and there is no trial date[,]" in considering that question, which is similar to this case, which is not just still in the pretrial stages, but still in the motion practice stage. Any prejudice to the Government is minimal as the case is still in the motion practice stages. Additionally, any prejudice can be overcome by allowing the Government an extension, to which the Defendant would consent, allowing them a full opportunity to reply to these motions. This is a fundamentally different situation than, for example, c.f. United States v. Hatfield, 2010 WL 1957363 (E.D.N.Y.), wherein the Court found that entertaining an untimely motion would "grossly prejudice the Government." In Hatfield the defendant made a motion for reconsideration to exclude testimony of two witnesses, "the DHB investors." This motion came three and a half months after the denial of a motion in limine to exclude such testimony made by the co-defendant, and near the end of a three month trial where "the Government has already put forth nearly its entire case based on the assumption that the DHB investors would testify." Id. As opposed to Hatfield there is no such prejudice to the Government in this case. On the other hand holding the motion untimely would deny the Defendant to opportunity to make a full record. With regards to the warrants in Section A it would preclude issues related to those warrants from being brought up on appeal, as they would not have been preserved. On the other hand the prejudice to the Government is de minimis, especially if the Government is given an extension to the time the Government has to respond to these motions. A balance of the relative prejudice weighs towards considering the motions.

A consideration of these factors would weigh towards good cause and considering the motions. If the Court was unwilling to find good cause and consider the motions in their entirety the defense would request that the Court, at the very least, consider the matter as to Section A of

5

the motions on the Superseding Indictment, which consists solely of issues that were not addressed in the first motion.

**CONCLUSION**

Based upon the foregoing, it is respectfully submitted that motions on the Superseding Indictment be considered, or in the alternative that they be considered as to Section A, as well as any just and further relief this court deems necessary.

Dated: 5/4/2023

*Respectfully Submitted,*

> *Dawn M. Florio*
>
> Dawn M. Florio Law Firm P.L.L.C.
> By DAWN M. FLORIO
> Attorney for Defendant
> Lamor Whitehead
> 488 Madison Ave, 20th
> New York, NY 10022
> (212) 939-9539

To: Clerk of the District Court
    Southern District of New York
    The Honorable Judge Lorna G. Schofield

    Assistant United States Attorney Andrew Rohrbach
    Assistant United States Attorney Celia V. Cohen
    Assistant United States Attorney Hagan Cordell Scotten

Application GRANTED. Defendant's second letter motion, Dkt. No. 83, will be considered by the Court. The current schedule previously ordered for the motions related to Count Five shall remain in effect. The Government's response shall be filed by **May 16, 2023**. Defendant's reply shall be filed by **May 23, 2023**. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 86.

Dated: May 8, 2023
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE