

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 19, 2024

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>United States v. Whitehead</u>, S1 22 Cr. 692 (LGS)

Dear Judge Schofield:

      The Government respectfully submits this brief sur-reply in opposition to the defendant's motion seeking materials relating to a victim ("Victim-2"). (Dkt. 106 ("Def. Mot.")). In his reply, the defendant makes multiple arguments for the first time (Dkt. 111 ("Def. Reply")), each of which is without merit and did not appear in his initial motion.

      <u>First</u>, the defendant argues that he has a "good faith basis" to believe that the SDNY prosecution team's investigation of the defendant was conducted together with the EDNY prosecution team's investigation of Victim-2—but his argument is based purely on unfounded speculation. (*See id.* at 2-4). The SDNY prosecution team did not conduct its investigation with the EDNY team assigned to the prosecution of Victim-2. The Government also confirms, contrary to the defendant's claim (*id.* at 1-2), that the SDNY prosecution team did not participate in the EDNY investigation of Victim-2. As purported support for his claim, the defendant describes: (1) law enforcement reports prepared by the two separate teams that coincidentally had the same or similar dates; (2) the Government's awareness of EDNY's investigation; and (3) phone records that may have been collected by each respective prosecution team through their separate investigations. (*Id.* at 4). But none of these facts, even assuming they are accurate, supports the defendant's conclusion. That reports from two separate investigations of two different subjects by two different prosecution teams had the same date only shows that the investigations were both ongoing as of June 2022. Awareness of another investigation does not constitute a joint investigation, and the Government is not in possession of the materials gathered by EDNY.

      <u>Second</u>, the defendant's tortured interpretation of the word "possession" under Rule 16 defies logic and the law. The defendant argues the materials he requests "can be considered" within the Government's possession because the Government is aware of their existence. (*Id.* at 2-3). But that would mean that any defendant in the nation could acquire materials held in any part of the federal government, simply by bringing the existence of those materials to the attention of the prosecutors in his case. That is not the law. If the Government's mere knowledge of the existence of certain materials triggered its Rule 16 obligations, then the scope of Rule 16 would be limitless and would "condemn the prosecution of criminal cases to a state of paralysis." *United*

*States v. Avellino*, 136 F.3d 249, 555 (2d Cir. 1998). The question is not whether the prosecution team was *aware* of evidence in the hands of another government agency or prosecution team, but instead "whether the Government and the other agency conducted a 'joint investigation.'" *United States v. Alexandre*, No. 22 Cr. 326 (JPC), 2023 WL 416405, at *5 (S.D.N.Y. Jan. 26, 2023) (quoting *United States v. Martoma*, 990 F. Supp. 2d 458, 460 (S.D.N.Y. 2014)). Accordingly, Judges in this District have denied defense discovery motions in instances where the Government was aware of the existence of an investigation conducted by a separate prosecution team or agency. *See, e.g.*, *Alexandre*, 2023 WL 416405, at *6 (Government and CFTC did not conduct a joint investigation, even though the "two agencies . . . became aware of the other's investigations several weeks after they were initiated"); *United States v. Middendorf*, No. 18 Cr. 36 (JPO), 2018 WL 3956494, at *4 (S.D.N.Y. Aug. 17, 2018) (denying defense discovery demand where Government was aware of a parallel SEC investigation and even conducted joint interviews with the SEC).

Third, the defendant claims that he plans to cross-examine government agents "about the fact that [Victim-2] was dishonest, and that he was committing fraud" in order to attack the agents' credibility because they "relied upon" Victim-2, and to argue that Victim-2 "set up" the defendant. (Def. Reply at 2). The Court should reject the defendant's attempt to end-run the Rules of Evidence to improperly attack the credibility of a victim who is neither a trial witness nor a hearsay declarant by attacking a different witness. Victim-2's credibility is irrelevant in this case because Victim-2's statements will not be offered for their truth. The defendant cannot use cross-examination of a case agent as a "backdoor" to attack Victim-2. Nor can the defendant argue that agents improperly relied on information from Victim-2 (*id.* at 5) to obtain warrants that he already unsuccessfully challenged pretrial (Dkt. 92 (denying defendant's suppression motion, concluding that the "credibility of [Victim-2] is irrelevant since probable cause was sufficiently established by Defendant's own recorded incriminating statements.")). There is nothing improper about the Government's investigation or the agents' actions; to suggest otherwise would be unduly prejudicial under Rule 403. Indeed, the Government regularly obtains evidence from confidential sources and cooperating witnesses who may have engaged in criminal conduct. This does not mean that the agents who obtain such evidence are themselves somehow less trustworthy. The requested impeachment materials are thus not "material" under Rule 16.

For the reasons set forth above and in the Government's opposition letter, the defendant's discovery motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: s/
    Jane Kim
    Jessica Greenwood
    Derek Wikstrom
    Assistant United States Attorneys
    Tel.: (212) 637-2038 / 1090 / 1085