UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------X
                                        :
   UNITED STATES OF AMERICA,            :
                                        :
                                        :        22 Crim. 692 (LGS)
              -against-                 :
                                        :            ORDER
   LAMOR WHITEHEAD,                     :
                          Defendant.    :
                                        :
-----------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

      Defendant filed six motions in limine and the Government filed four motions in limine.

The motions are resolved as follows:[1]

1.     **Defendant's Motions in Limine No. 1 & 2** seek to prohibit the Government from

    introducing evidence of Defendant's prior criminal history under Rules 404 and 403.

    Defendant's motions are granted as to his prior fraud-related convictions (as set forth

    below) and otherwise denied as moot as the Government has stated that it does not intend

    to offer evidence of, or inquire about, other convictions.

2.     **Defendant's Motions in Limine No. 3 & 4** seek to prohibit the Government from

    introducing evidence of Defendant's alleged gang affiliation under Rules 404 and 403.

    Defendant's motions are denied as moot as the Government has stated that it does not

    intend to offer evidence of, or inquire about, such alleged affiliations.

3.     **Defendant's Motion in Limine No. 5** seeks to exclude recordings of Defendant and

    Victim-2 on the ground that there is a lack of foundation.  Defendant's motion is denied

---

[1] All references to rules refer to the Federal Rules of Evidence.

without prejudice.  The Government shall lay the foundation for the recordings in the ordinary course at trial and offer them into evidence at that time.  Defendant may object; the parties are reminded that speaking objections are not permitted.  If a foundation is laid in the manner described in the Government's response to this motion, the recordings will be considered properly authenticated.  *See* Fed. R. Evid. 901(b)(5); *United States v. Tropeano*, 252 F.3d 653, 661 (2d Cir. 2001) ("[T]he standard for authentication, and hence for admissibility, is one of reasonable likelihood.); *see also United States v. Hemmings*, 482 F. App'x 640, 643 (2d Cir. 2012) (summary order) ("Here, the tapes were authenticated by a government agent who recognized the voices on the tapes."); *accord United States v. Abdalla*, 346 F. Supp. 3d 415, 419 (S.D.N.Y. 2018).[2]

4.   **Defendant's Motion in Limine No. 6** seeks to exclude the recordings of Defendant and Victim-2 on the ground that they are inadmissible hearsay.  Defendant's motion is denied because Defendant's own statements as offered by the Government are not hearsay under Rule 801.  Victim-2's statements are not hearsay as they are offered as context for Defendant's statements and are not offered for the truth.  *See United States v. Bouterse*, 765 F. App'x 463, 468 (2d Cir. 2019) (summary order) (admitting non-hearsay statements to provide context to recorded statements).

5.   **Government's Motion in Limine No. 1** seeks to admit evidence of Defendant's uncharged fraudulent financial representations in connection with 2018, 2019, 2021 and 2022 loan applications.  The Government's motion is granted because the uncharged financial misrepresentations are admissible under Rule 404(b).  Because the evidence

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

includes the same or similar documents as the evidence of wire fraud in Count Five, the evidence is highly probative of Defendant's knowledge, intent and modus operandi. This probative value outweighs any prejudice because the evidence is not inflammatory and the parties may jointly submit a proposed limiting instruction to address any possible remaining prejudice. The limiting instruction shall be submitted to the Court at least two trial days in advance of its use.

6. **Government's Motion in Limine No. 2** seeks to allow the Government to cross examine Defendant regarding his prior fraud-related convictions, or in the alternative cross examine Defendant about the facts underlying the convictions. The Government's motion to allow Defendant to be cross examined about the prior convictions under Rule 609(b) is denied because the probative value of the convictions does not substantially outweigh their potential prejudicial effect. In weighing the probative value against the prejudicial effect of prior conviction evidence under Rule 609(b), courts balance (i) the impeachment value of the conviction; (ii) the centrality of the credibility issue; (iii) the length of time since the conviction and (iv) the similarity of the prior conviction to the alleged crime. *See United States v. Ilori*, No. 21 Crim. 746, 2022 WL 2452258, at *7 (S.D.N.Y. July 5, 2022). Here, the prior fraud-related convictions have impeachment value and Defendant's credibility likely will be central at trial. This weighs in favor of admitting the convictions. *See United States v. Bumagin*, 136 F. Supp. 3d 361, 376-77 (E.D.N.Y. 2015). Nevertheless, because the convictions are "remote in time," having occurred over a decade ago, their probative value is limited. *Ilori*, 2022 WL 2452258, at *8. The high risk of unfair prejudice to Defendant given the similarity between the prior fraud-related convictions and the wire fraud charge in Count Five -- the use of

misrepresentations in loan applications -- weighs heavily against admitting the convictions.  *See id.* ("As Courts in [the Second] circuit have repeatedly stated, similarity of past and present offenses weighs heavily *against* the use of prior criminal convictions for impeachment purposes because of the danger of unfair prejudice.").  The overall balancing of the 609(b) factors weighs against admitting Defendant's prior fraud-related convictions.

The Government's request to allow Defendant to be cross examined about the underlying facts of the prior convictions under Rule 608(b)(1) is granted.  The conduct underlying the convictions speaks to Defendant's character for untruthfulness, and it is more probative than prejudicial because it is probative of Defendant's credibility and is not more inflammatory than the conduct charged in Count Five.  *See Ilori*, 2022 WL 2452258, at *4.  If Defendant wishes the Court to give a limiting instruction that in substance states that the evidence should be considered only for credibility and not for propensity, the parties shall jointly submit a proposed limiting instruction by 5:00 PM the day before Defendant testifies.

7.   **<u>Government's Motion in Limine No. 3</u>** seeks to preclude Defendant from offering his own prior out-of-court statements regarding the instant charges and prior convictions.  The Government's motion is denied as moot as Defendant states that he does not presently intend to introduce such statements.  Should Defendant decide to reference or introduce any such statement, at least two trial days in advance of doing so, he shall make a motion in limine to do so as such statements may be precluded as hearsay under Rule 802.

8.   **<u>Government's Motion in Limine No. 4</u>** seeks to prevent Defendant from attacking the

credibility of Victim-2.  The Government's motion is granted, based on the Government's representation that Victim-2's statements are recorded and offered only as context to Defendant's recorded statements.  *See* Defendant's Motion in Limine No. 6 above; *see generally* Dkt. 58 (denying as moot Defendant's discovery request for evidence to attack Victim-2's credibility based on the Government's representation that it did not intend to call Victim-2 as a witness or offer any of his statements for the truth of the matter asserted).  If any party seeks a limiting instruction that Victim-2's statements are not offered for the truth but only for context, the parties shall jointly submit a proposed limiting instruction at least two trial days in advance of such testimony.

*   *   *

The Clerk of Court is respectfully directed to enter on the docket only the following as the substance of this Order:

The Court's detailed rulings are as set forth in this Order.  The Court's instructions to the parties, including those regarding proposed limiting instructions, are as set forth above.  In sum, Defendant's application to:

(i)     prohibit the Government from introducing evidence of his criminal history is **GRANTED** as to his fraud-related convictions and otherwise **DENIED** as moot;

(ii)    prohibit the Government from introducing evidence of Defendant's alleged gang affiliation is **DENIED** as moot;

(iii)   exclude the recordings of Defendant and Victim-2 because they lack a foundation is **DENIED** without prejudice;

(iv)    exclude the recordings of Defendant and Victim-2 because they are inadmissible hearsay is **DENIED**.

5

The Government's application to:

    (i)    admit evidence of Defendant's uncharged fraudulent financial representations in connection with 2018, 2019, 2021 and 2022 loan applications is **GRANTED**;

    (ii)    allow the Government to cross examine Defendant regarding his prior fraud-related convictions is **DENIED**, and regarding the facts underlying the convictions is **GRANTED**;

    (iii)    preclude Defendant from offering his own prior out-of-court statements regarding the instant charges and prior convictions is **DENIED** as moot;

    (iv)    prevent Defendant from attacking the credibility of Victim-2 is **GRANTED**.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 109 and 110.

Dated:  February 16, 2024
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

6