UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

                                                                          **LETTER MOTION**
   -against-                                                    **IND# 22-CR-692 (LGS)**


**LAMOR WHITEHEAD,**

Defendant.
------------------------------------------------------------------X


Your Honor,

      Through this letter counsel Dawn M. Florio, Esq. writes to the Court for leave to file a motion to controvert and/or to reopen the motion to controvert.

      The defense previously filed a motion to controvert all search warrants or, in the alternative, for a *Franks* hearing. This motion was denied. However based upon newly acquired evidence, specifically the transcripts of call recordings, it has become evident that the warrants in question contain statements in the supporting affidavits which are not true.

      Specifically in USAO_00014596-14618 (paragraph 8); 14499-14520 (paragraph 10); 14475-14493 (paragraph 9); 14673-14690 (paragraph 11); 14780-14805 (paragraph 11); 14698-14779 (paragraph 11); and 14521-14544 (paragraph 10) the warrant affidavit, signed and sworn by FBI Special Agent Thomas Ford, states, in relevant part "[o]n or about May 5, 2022, *the FBI recorded a FaceTime exchange between CS-1 and Whitehead*[.]" (emphasis added). However it has now become evident that the May 5, 2022 call referenced in numerous warrant affidavits was not recorded by the FBI, it was recorded by Brandon Belmonte and brought to the FBI. Put another way this call was not recorded by the FBI, and any statement that it was is false. This false statement shows up in numerous warrant affidavits.

      In <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), the Supreme Court held that the Fourth Amendment requires that a hearing be held at defendant's request "where defendant makes substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by affiant in [a] search warrant affidavit, and if [the] allegedly false statement is necessary to the finding of probable cause[.]" This false statement appears in numerous warrant affidavits, we contend that it was "necessary to the finding of probable cause[.]"

      If the Court is unwilling to controvert the warrants, or allow a motion to reopen and submission of written motions on the matter, we intend to cross examine Special Agent Thomas

Ford on the fact that he repeatedly made false statements under oath, a matter which is quite obviously relevant to his credibility.

We therefore request that the Court controvert the search warrants, and/or grant a *Franks* hearing, as well as any other just or further relief which the Court deems appropriate.

```
DATED: New York, New York
       February 13, 2024
                                Yours, etc.,
                                Dawn M. Florio

                                Dawn M. Florio Law Firm P.L.L.C.
                                By DAWN M. FLORIO
                                Attorney for Defendant
                                LAMOR WHITEHEAD
                                488 Madison Ave, 20th Floor
                                New York, NY 10022
                                (212)939-9539
```

To: Clerk of the District Court
    Southern District of New York

Assistant United States Attorney Jane Kim
Assistant United States Attorney Jessica Greenwood
Assistant United States Attorney Derek Wikstrom

Defendant's motion seeking suppression or a *Franks* hearing is **DENIED** on two independent grounds. For substantially the reasons stated by the Government in its opposition at Dkt. 137, (1) the motion is untimely, and (2) Defendant has not made a substantial preliminary showing that the inaccurate statements were necessary to the finding of probable cause.

Dated: February 16, 2024
       New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**