

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

February 13, 2024

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>United States v. Whitehead, S1 22 Cr. 692 (LGS)</u>

Dear Judge Schofield:

      The Government writes to respectfully request that the Court enter an order, pursuant to Federal Rule of Criminal Procedure 16(b), directing the defendant to identify for the Government any exhibits the defendant intends to introduce at trial, whether through cross-examination or during the defense case, <u>by Friday, February 16, 2024</u>.  As of February 12, 2024, the defense has represented that they do not have any defense exhibits and, accordingly, the defense does not plan to provide any exhibits to the Court or to the Government today, pursuant to the Court's Individual Trial Rules and Procedures, which direct the parties to provide the Court with exhibits to be offered in their cases-in-chief a week before the Final Pretrial Conference (today, February 13, 2024).[1] The Government respectfully submits this application to ensure that the parties have the adequate opportunity to confer regarding any potential defense exhibits prior to the Final Pretrial Conference on February 20, 2024.  In addition, advance disclosure of defense exhibits will enable to the Government to evaluate the authenticity of the exhibits without causing unnecessary delays during trial.

      Rule 16 entitles the Government to reciprocal discovery.  Rule 16(b) provides, in relevant part, that if a criminal defendant requests disclosure from the government under Rule 16(a)(1)(E), the defendant must also permit the government to inspect any document or record that the defendant "intends to use . . . in the defendant's case-in-chief at trial."  Fed. R. Crim. P. 16(b)(1)(A).

      Consistent with Rule 16(b), courts in this District regularly require disclosure of defense exhibits in advance of trial, including over a defendant's objection.  *See, e.g., United States v. Ortega*, No. 22 Cr. 91 (RA), Doc. 93 (S.D.N.Y. Jan. 10, 2023) (approximately one week before

---

[1] As of July 2023, the defense represented that it would produce defense exhibits and 26.2 material on February 23, 2024.  (Dkt. 103).  In light of the Court's Individual Trial Rules and Procedures, however, this timeline does not allow for adequate evaluation of the defendant's exhibits so that their admissibility may be determined prior to trial.

---

**[Endorsement:]**

Per the Court's individual trial rules, defense exhibits and exhibit list were required to be submitted to the Court on February 13, 2024, one week in advance of the final pretrial conference.  Defendant did not submit any exhibits, suggesting as stated below that the defense does not intend to introduce exhibits.  Having received no opposition to the Government's request below, the Government's request is **GRANTED**.  Defendant shall identify for the Government each individual exhibit that Defendant intends to introduce, except for impeachment material, today, **February 16, 2024**, and shall submit to the Court a copy of any such exhibits along with an exhibit list.  Defendant's letter today purporting "to reserve the right to utilize any item of discovery which has previously been produced by the Government" is insufficient. For clarity, Defendant's list of proposed witnesses shall be produced at or before the final pretrial conference.

Dated: February 16, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

trial); *United States v. Shah*, No. 19 Cr. 833 (SHS), Doc. 583, at 7-8 (S.D.N.Y. July 5, 2022) (11 days before trial over objection); *United States v. Melzer*, No. 20 Cr. 314 (GHW), Doc. 131 (S.D.N.Y. Jun. 16, 2022) (11 days before trial over objection); *United States v. Liu*, No. 19 Cr. 804 (VEC), Doc. 177 (S.D.N.Y. Feb. 28, 2022) (12 days before trial over objection); *United States v. Gillier*, No. 11 Cr. 409 (PAE), Doc. 75 (S.D.N.Y. Feb. 1, 2022) (approximately three weeks before trial); *United States v. Avenatti*, No. 19 Cr. 374 (JMF), Doc. 213 (S.D.N.Y. Jan. 7, 2022) (approximately two weeks before trial over objection); *United States v. Maxwell*, No. 20 Cr. 330 (AJN), Doc. 297 (S.D.N.Y. June 2, 2021) (three weeks before trial over objection); *United States v. Shea*, No. 20 Cr. 412 (AT), Doc. 206 (S.D.N.Y. May 4, 2022) (14 days before trial over objection); *United States v. Brennerman*, No. 17 Cr. 337 (RJS), Doc. 24 (S.D.N.Y. Aug. 3, 2017) (18 days before trial); *United States v. Percoco*, No. 16 Cr. 776 (VEC), Doc. 396 (S.D.N.Y. Dec. 15, 2017) (more than a month before trial over objection); *United States v. Grant*, No. 16 Cr. 468 (GHW), Doc. 283 (S.D.N.Y. May 21, 2018) (three weeks before trial); *United States v. Calk*, No. 19 Cr. 366 (LGS), Doc. 180 (S.D.N.Y. Mar. 25, 2021) (six weeks before trial); *id.* Doc. 262, at 341 (S.D.N.Y. Jun. 29, 2021) (mid-trial order to defense to produce any unmarked exhibits for cross-examination at least one business day in advance of testimony); *United States v. Madonna*, No. 17 Cr. 89 (CS), Doc. 655 (S.D.N.Y. Mar. 1, 2019) (approximately one month before trial); *United States v. Stewart*, No. 15 Cr. 287 (LTS), Minute Entry (S.D.N.Y. Jan. 29, 2016) (18 days before trial); *United States v. Ulbricht*, No. 14 Cr. 68 (KBF), Doc. 93 (S.D.N.Y. Oct. 17, 2014) (approximately one month before trial).

In ordering pre-trial disclosure of defense exhibits, courts have made clear that, while defendants may "delay the decision as to whether or not to testify until the end of the presentation of the Government's case, 'the trial strategy determination is not so protected.'" *Shea*, No. 20 Cr. 412 (AT), Doc. 206, at 1 (quoting *United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853, 811 (2d Cir. 1978)). Accordingly, where "the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery." *Id.* (internal quotation marks omitted); *see also United States v. Rajaratnam*, No. S2 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011) ("A defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction."). Such production of defense exhibits is required under Rule 16(b) and also promotes fairness and trial efficiencies. *See Melzer*, No. 20 Cr. 314 (GHW), Doc. 150, at 14 (noting that pretrial disclosure of defense exhibits "will aid in the efficient and orderly presentation of the government's and the defendant's respective cases at trial" and "allow the parties to raise any evidentiary issues with the Court in advance and, therefore, reduce the need for delay and disruption at trial and for the parties to brief and the Court to resolve any disputed issues"); *see also United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (affirming preclusion of evidence defendant had failed to produce and explaining that permitting defendant to use documents the prosecution had not timely seen "would have given the defense an unfair advantage"); *Ortega*, No. 22 Cr. 91 (RA), Doc. 93, at 2 ("Should Defendant fail to produce material subject to his disclosure obligations under Rule 16, he will be precluded from using such evidence during his case-in-chief."); *Shea*, No. 20 Cr. 412 (AT), Doc. 206, at 1 ("Defendant is also reminded that the Court has 'broad discretion in fashioning a remedy' to address any instances of a party's non-compliance with their Rule 16 obligations, including 'ordering the exclusion of evidence'

where it finds that Defendant could have timely disclosed such evidence under Rule 16, but chose not to do so." (quoting *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016))).

The disclosure deadline should apply to any exhibits the defense intends to introduce at trial—including on cross examination for non-impeachment purposes. "The term 'case-in-chief' has been interpreted to encompass 'all non-impeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a defendant.'" *Melzer*, No. 20 Cr. 314 (GHW), Doc. 150, at 13 (quoting *United States v. Napout*, No. 15 Cr. 252 (PKC), 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017)). "Nearly every court to consider the issue has concluded the same." *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018) (collecting cases). "[T]o permit defendants to evade pretrial disclosure simply by presenting much (or all) of their case-in-chief before the government rests would frustrate the practical intentions behind Rule 16: to avoid unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery." *Id.* (citing Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment). Therefore, "where a defendant cross-examines a government witness to 'buttress[] her theory of the case,' rather than to impeach the testimony given by the witness on direct examination, '[t]he cross-examination . . . is properly seen as part of the defendant's case-in-chief.'" *Napout*, 2017 WL 6375729, at *7 (quoting *United States v. Hsai*, No. 98 Cr. 57, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000)).

For the reasons set forth above, the Government respectfully requests that the Court order the defense to produce reciprocal discovery and exhibits the defense intends to introduce at trial, whether through cross-examination or during the defense case, by February 16, 2024.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: s/
Jane Kim
Jessica Greenwood
Derek Wikstrom
Assistant United States Attorneys
Tel.: (212) 637-2038 / 1090 / 1085