```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   UNITED STATES OF AMERICA,                                :
                                                            :
                                                            :   22 Crim. 692 (LGS)
                  -against-                                 :
                                                            :        ORDER
   LAMOR WHITEHEAD,                                         :
                                        Defendant.          :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

On February 15, 2024, the Government filed two supplemental motions in limine. An Order dated February 15, 2024, directed Defendant to file a response by 12:00 P.M. on February 20, 2024. Defendant has not filed a response. The Government's supplemental motions are resolved as follows:[1]

1. **The Government's Supplemental Motion in Limine No. 1** seeks to preclude Defendant from offering evidence or argument attacking the Government's investigation or suggesting any impropriety on behalf of the Government. The Government's motion is granted. The way in which the Government conducted its investigation is not relevant to the Government's burden of proof at trial. *See, e.g.*, *United States v. Duncan*, No. 18 Crim. 289, 2019 WL 2210663, at *3 (S.D.N.Y. May 22, 2019) ("While [defendant] may point to any asserted failure of proof in the record, any argument that the government has failed to carry its burden of proof because it conducted its investigation in a particular way is not relevant."). Any claims of Government misconduct are not presentable to the jury and are properly addressed by the district court in pretrial motions. *See* Fed. R.

---

[1] All references to rules refer to the Federal Rules of Evidence.

Crim. P. 12(b)(3)(A)-(B); *United States v. Farahane*, 634 F.3d 127, 167 (2d Cir. 2011) ("[A] defect in the institution of the prosecution . . . is an issue for the court rather than the jury."); *accord United States v. Malka*, 602 F. Supp. 3d 510, 543-44 (S.D.N.Y. 2022).

2. **The Government's Supplemental Motion in Limine No. 2** seeks to admit the consistent prior statements of certain Government witnesses under Rule 801(d)(1)(B) in anticipation that Defendant will attack the credibility of those witnesses at trial. The Government's motion is denied without prejudice. Prior statements admitted pursuant to Rule 801(d)(1)(B) generally must relate to the attack on a witness's credibility. *See, e.g.*, *United States v. Ray*, No. 20 Crim. 110, 2022 WL 813942, at *2 (S.D.N.Y. Mar. 16, 2022) (admitting prior statements when "the cross-examination challenged statements on the same or closely related topics" and "the prior statement operated not just to rehabilitate the witness's credibility generally but also to rehabilitate the witness's credibility with respect to the testimony that has been challenged"). Accordingly, it is premature to admit a prior consistent statement before the credibility of the witness has been impeached at trial. *See, e.g.*, *United States v. James*, 607 F. Supp. 3d 246, 265 (E.D.N.Y. 2022) (reserving ruling on admission of prior consistent statement until after witness testified and was cross-examined by defense counsel).

\*   \*   \*

For the foregoing reasons, the Government's first supplemental motion in limine is **GRANTED**. The Government's second supplemental motion in limine is **DENIED** without prejudice. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 129.

Dated: February 21, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE