UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

UNITED STATES OF AMERICA

                                                                                      **MOTION RESPONSE**

    -against-

                                                                                       IND# 22-CR-692 (LGS)

**LAMOR WHITEHEAD,**

                                 Defendant.
------------------------------------------------------------------------X

Your Honor,

**PRELIMINARY STATEMENT**

      Defendant LAMOR WHITEHEAD submits this motion pursuant to the schedule set by the Court:

  A.  **ARGUMENT**

      The Government's argument that the defense should be precluded from calling Brandon Belmonte is not persuasive. The Government has argued that the defense should not be allowed to attack the credibility of Brandon Belmonte unless he testifies, but also seeks to argue that he should not be allowed to testify. In essence the Government argues that Mr. Whitehead should not have the ability to put his accuser on the stand and subject them to cross examination, the core of the 6th Amendment Confrontation Right. The Government seeks to use technicalities and suppositions about what may happen if he is called to argue that Mr. Whitehead should be denied the right to confront his accuser. The Government's position would allow, in essentially all cases involving an informant, the ability to prevent the defendant from confronting that witness, even though they may be the primary or only witness to certain allegedly criminal acts. There must be some allowance in a criminal case for the Defendant to actually confront the witnesses against him.

      If Mr. Belmonte intends to invoke his Fifth Amendment right as to every question then he can do so in front of the jury. If he intends to do so and the Court seeks to preclude this happening in front of the jury then Mr. Belmonte can come to testify and plead the Fifth in front of your honor, outside the presence of the jury. The Government cannot, and should not be allowed to, invoke the Fifth on the behalf of a private citizen in order to frustrate a defendant's attempts to exercise his confrontation rights.

      Additionally it should be noted that the language of the Government's motion, which states that this is a "sting" operation, raises the possibility of an entrapment type defense. It seems, by the Government's motion, that Mr. Belmonte was, on the orders and/or advice of the Government, trying to trick Lamor Whitehead into committing a crime from the outset. There was no building

owned by Brandon Belmonte, there was no stop work order, it appears that the entirety of his communications with Lamor Whitehead, from the very beginning, were designed to create a criminal case against Lamor Whitehead. This should not be allowed.

The entire length of this case the Government has presented Mr. Belmonte as a victim who reached out to the Government. If Mr. Belmonte was in fact part of a "sting" operation, rather than a confidential source, then the legal posture of the case is wholly different from the way it has been represented thus far. If Mr. Belmonte was, from the outset, acting as an agent of the Government, which we submit that he was in a "sting" operation as described in the Government's motion, then he is a *de facto* government agent. The Fourth Amendment does not apply to a search by a "private individual *not* acting as an agent of the Government or with the participation or knowledge of any government official." United States v. DiTomasso, 81 F.Supp3d 304, 308 (S.D.N.Y. 2015) (emphasis added); see e.g. Coolidge v. New Hampshire, 403 U.S. 433, 487 (1971); See also United States v. Jacobsen, 466 U.S. 109 (1984). This information is not information which could have been uncovered by defense counsel prior to this point, there is no discovery indicating this is the case. In fact some discovery, such as the warrant affidavits which indicate that Brandon Belmonte reached out to the Government, gives the exact opposite impression. Were the fact that this was a sting operation from the outset known previously the Defendant would have been able to raise additional legal issues in this case, as it could be argued that Brandon Belmonte was "acting as an agent of the Government," which would have presented additional constitutional issues with the manner in which the evidence was obtained, including under the Fourth and Fifth Amendment[1]. This could alter the analysis of previously decided motions relating to Brandon Belmonte which, based upon the representations made by both parties, characterized Mr. Belmonte as a victim rather than a *de facto* government agent, which, in a sting operation as described by the Government in their motion, he would be.

The Government argues that the testimony of Mr. Davis and Mr. George, which would be about the background of the work on Mr. Whitehead's car, is irrelevant because it does not matter if Mr. Belmonte actually owed Mr. Whitehead $5,000. This is not the subject of the testimony. The subject of the testimony would be to give background on the conversations that the Government seeks to introduce by giving the jury background information on the relationship.

**CONCLUSION**

Based upon the foregoing, it is respectfully submitted that the relief requested in the Preliminary Statement be granted, as well as any just and further relief this court deems necessary.

---

[1] i.e. a private citizen who undertakes a search while acting as a government agent can implicate Fourth Amendment concerns. See e.g. New Jersey v. T.L.O., 469 U.S. 325 (1985), holding that the Fourth Amendment prohibition on unreasonable searches and seizures applies to searches conducted by public school officials.

Dated: 2/22/2024

          Respectfully Submitted,

          *Dawn M. Florio*

          Dawn M. Florio Law Firm P.L.L.C.
          By DAWN M. FLORIO
          Attorney for Defendant
          LAMOR WHITEHEAD
          488 Madison Ave, 20th Floor
          New York, NY 10022
          (212) 939-9539

To: Clerk of the District Court
    Southern District of New York

Assistant United States Attorney Jane Kim
Assistant United States Attorney Jessica Greenwood
Assistant United States Attorney Derek Wikstrom

3