UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   UNITED STATES OF AMERICA,                                :
                                                            :
                                                            :   22 Crim. 692 (LGS)
                      -against-                             :
                                                            :   **ORDER**
   LAMOR WHITEHEAD,                                         :
                                          Defendant.        :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

On February 21, 2024, the Government filed a letter raising evidentiary issues related to Defendant's proposed witness list. On February 22, 2024, Defendant filed his opposition to the Government's letter, and the Government filed a reply. The Government's letter is construed as making three supplemental motions in limine, which are referred to here as the Government's supplemental motions in limine Nos. 3, 4 and 5 to avoid confusion with prior motions. The motions are resolved as follows:[1]

1. **The Government's Supplemental Motion in Limine No. 3** seeks to prohibit Defendant from calling Victim-2 to testify in front of the jury because Victim-2 -- through his counsel -- has indicated his intention to invoke his Fifth Amendment privilege against self-incrimination. The Government's motion is denied without prejudice. "[A] district court has the discretion to prevent a party from calling a witness solely to have [that witness] invoke the privilege against self-incrimination in front of the jury." *United States v. Deutsch*, 987 F.2d 878, 883-84 (2d Cir. 1993); *accord United States v.*

---

[1] All references to rules refer to the Federal Rules of Evidence.

*Cavigliano*, 659 F. App'x 65, 67 (2d Cir. 2016) (summary order).  When deciding whether to exclude the witness, a district court must weigh whether the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice in accordance with Rule 403.  *See Deutsch*, 987 F.2d at 884.  To aid in that determination, a court may first hear the witness's testimony outside the presence of the jury to determine whether the testimony has any probative value or consists only of the invocation of the witness's privilege against self-incrimination.  *See, e.g., id.* ("After determining that Berube's testimony would consist only of irrelevant information and the invocation of his privilege against self-incrimination, the district court did not permit [defendant] to call him."); *Cavigliano*, 659 F. App'x at 67; *United States v. Guzman*, 332 F. App'x 665, 666-67 (2d Cir. 2009) (summary order).  If Defendant determines to call Victim-2 to testify, Victim-2 shall first testify outside the presence of the jury so that the Court can determine whether the probative value of his testimony is substantially outweighed by its potential for unfair prejudice.  Defendant shall provide notice at least one trial day in advance so that such testimony can be scheduled at a time outside the jury's trial hours, *i.e.*, before 10:00 A.M. or after 5:00 P.M.

2. **The Government's Supplemental Motion in Limine No. 4** seeks to preclude anticipated testimony of witnesses Dino Tomassetti Jr. and Andrew Lichtenstein.  Specifically, the Government seeks to preclude either witness from testifying that Victim-2 does not own the properties for which Victim-2 sought Defendant's assistance.  The Government's motion is granted because such testimony is not relevant or probative under Rule 401.  Count Two of the Superseding Indictment relates to these properties and charges Defendant with attempted wire fraud. Victim-2's actual ownership of the

properties is irrelevant to the charge and lacks any probative value.  Even if Defendant is planning to elicit this testimony to support a defense of factual impossibility, that defense is unavailable to Defendant here.  *See United States v. Gagliardi*, 506 F.3d 140, 146 (2d Cir. 2007) ("[F]actual impossibility is not a defense to a charge of attempt in substantive criminal law."); *accord United States v. Martinez*, No. 20 Crim. 98, 2023 WL 6292567, at *2 (E.D.N.Y. Sept. 27, 2023).  If Defendant seeks to assert an affirmative defense of entrapment, he shall provide notice at least one trial day in advance.  Upon such notice, the ruling on this motion will be reconsidered as to the defense of entrapment, if appropriate.

3. **The Government's Supplemental Motion in Limine No. 5** seeks to preclude anticipated witnesses Eric Davis and Wendell George from testifying about the background of Victim-2's work on Defendant's car and the possibility that Victim-2 owed $5,000 to Defendant.  Defendant asserts that Davis and George will testify instead about "background information on the relationship," presumably between Victim-2 and Defendant.  The Government's motion is denied without prejudice.  Should Defendant seek to call either of these witnesses, he shall provide the Government with a proffer at least one trial day in advance so that any motions may be made to the Court if necessary.

\*   \*   \*

For the foregoing reasons, the Government's third supplemental motion in limine regarding potential defense witness Victim-2 is **DENIED** without prejudice.  The Government's fourth supplemental motion in limine to preclude the testimony of Dino Tomassetti Jr. and Andrew Lichtenstein is **GRANTED**.  The Government's fifth supplemental motion in limine

regarding certain testimony of Eric Davis and Wendell George is **DENIED** without prejudice. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 148. It is further

**ORDERED** that, if the Government plans to call Ray Anam as a witness, it shall give notice at least one trial day in advance to provide time to consider whether a hearing is necessary under *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982).

Dated: February 23, 2024
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**