

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

---

*The Jacob K. Javits Federal Building
26 Federal Plaza, 37th Floor
New York, New York 10278*

February 23, 2024

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: <u>United States v. Whitehead</u>, S1 22 Cr. 692 (LGS)

Dear Judge Schofield:

  The Government respectfully submits this letter in response to the Court's memo endorsement, proposing an approach to determine whether defendant Lamor Whitehead's cross-examination of Eric Lach would implicate confidential source information subject to a more stringent qualified journalistic privilege. (Dkt. 155). The Court has proposed to conduct (1) an *ex parte*, *in camera* interview with defense counsel about potential cross examination, and (2) an *ex parte*, *in camera* interview with Mr. Lach about the potential answers to the defense's proposed cross questions. As explained below, the Government objects, in part, to the first part of that proposal, based on Second Circuit law discussed below, and proposes an alternative process for the Court's consideration. The Government does not, in principle, object to the second part of the proposal, although, as explained below, it may or may not be necessary here.

**I. An *Ex Parte* Proceeding with the Defense Regarding the Defense's Proposed Cross-Examination of Mr. Lach Is Not Warranted**

  The Government respectfully submits that there is no legal basis, nor any need, for an *ex parte*, *in camera* inquiry into the defendant's potential cross-examination of Mr. Lach, and the Second Circuit has rejected such an approach.

  "In our adversary system, *ex parte* motions are disfavored, but they have their place." *Ayestas v. Davis*, 138 S. Ct. 1080, 1091 (2018). But *ex parte* proceedings are typically creatures of statute or rule. *See id.* (collecting examples of *ex parte* proceedings); *see also, e.g., United States v. Durant*, 545 F.2d 823, 828 n.9 (2d Cir. 1976) (noting that the Criminal Justice Act authorizes *ex parte* proceedings relating to the retention of defense experts "to protect the defense from premature disclosure to the prosecution of defense strategy"); Fed. R. Crim. P. 16(d) (authorizing *ex parte* filings relating to protective orders); Fed. R. Crim. P. 17(b) (authorizing *ex parte* applications for defense subpoenas under certain circumstances).

  Here, there is no basis in statute or the Federal Rules of Criminal Procedure for an *ex parte* proceeding. That makes good sense, because "the Confrontation Clause does not guarantee the

right to undiminished surprise with respect to cross-examination of prosecutorial witnesses." *United States v. Bin Laden*, No. 98 Cr. 1023 (LBS), 2001 WL 66393, at *5 (S.D.N.Y. Jan. 25, 2001) (internal quotation marks and citation omitted) (holding that there is nothing impermissible about the requirement of the Classified Information Procedures Act that the defendant preview aspects of cross to the Court and Government), *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 127 & n.32 (2d Cir. 2008); *cf. also United States v. Ulbricht*, No. 14 Cr. 68 (KBF), 2015 WL 413318, at *3 (S.D.N.Y. Feb. 1, 2015) ("A defense preference for trial by ambush is legally unsupportable.").

And the Second Circuit has made clear that while it is "[p]lainly…appropriate" to take steps to avoid revealing cross-examination in advance *to the witness*, there is no similar protection with respect to an adverse party. *Robinson v. Cattaraugus Cty.*, 147 F.3d 153, 164-65 (2d Cir. 1998). In *Robinson*, the district court held an *ex parte* conference with defense counsel to discuss potential cross-examination, and the Second Circuit later rejected that procedure as follows:

> The basis on which the court believed defense counsel was entitled to this procedure is not clear. Plainly it was appropriate, in advance of the questioning, not to reveal the material to the witness, and if there were to be a recess between discussing the evidence *in camera* or in a sidebar and posing the questions to the witness, plaintiffs' counsel could properly be instructed not to discuss the matter with the witness. But we see no suggestion in the record that the cross-examination material was confidential, and we are not aware of an appropriate basis for the court to conduct its review in the absence of plaintiffs' counsel.

*Id.*

Here, as in *Robinson*, it is reasonable to prevent Mr. Lach from learning in advance of the potential cross-examination questions. But the same cannot be said about the Government. And the Government notes that the proposed procedure does not appear to have been taken in other cases in which the Government sought, and the Court allowed, a reporter's testimony about party admissions made by a criminal defendant to the reporter. *See, e.g.*, *United States v. St. Lawrence*, 16 Cr. 259 (CS), Trial Tr. 2705-06 (S.D.N.Y. May 16, 2018)[1]; *United States v. Treacy*, 603 F. Supp. 2d 670, 672-73 (S.D.N.Y. 2009). The Government has no objection to *in camera* proceedings about the appropriate scope and nature of cross-examination, but does object to those proceedings being *ex parte*.

---

[1] In *St. Lawrence*, without apparently conducting any *ex parte* or *in camera* proceedings, Judge Seibel authorized a brief direct examination of a reporter about statements the defendant made to the reporter. With respect to cross-examination, the Court explained that the reporter "shouldn't worry that I'm going to let the defendant's cross go into the accuracy of parts of the article unrelated to the defendant[,] or whether he spoke to anyone other than the defendant in connection with the article or what other reporting he did on the subject. That would be beyond the scope of the direct, it would call for hearsay, and/or it would not be relevant." *Id.* at Tr. 2706.

**II.     The Government's Proposal for Addressing the Scope of the Defense Cross**

The Government proposes the following alternative procedure. This procedure will avoid unnecessary surprise—and unnecessary *ex parte* proceedings—while ensuring that the Court can make a complete record about whether any questions, by either party, will risk eliciting any confidential source information for which neither party can make the showing required to overcome the qualified journalist's privilege.[2] The proposed procedure would also allow the Court to resolve any objections by the Government to the defendant's proposed cross-examination, rather than first dealing with those objections if and when Mr. Lach testifies.

*First*, the Government will provide the Court and the defense with a copy of its complete anticipated direct examination of Mr. Lach, including all of the questions the Government would intend to ask in the five areas of inquiry set out in the Government's initial response to the Motion to Quash.

*Second*, in an *in camera* proceeding with both parties present, the defense may provide the subject matters about which it proposes to question Mr. Lach on cross-examination. The Government's involvement in that proceeding will mean that the Court can hear argument on any potential objections to the defense's cross-examination. This will ensure that the Court is able to rule, in advance of the testimony rather than mid-testimony, on the propriety of the proposed cross-examination, including whether, for example, the proposed cross-examination questions are (1) within the narrow scope of the Government's direct examination under Rule 611(b); (2) for purposes of impeaching Mr. Lach's credibility or bias; (3) relevant to disputed issues at trial; and/or (4) admissible pursuant to the hearsay rules, which, broadly speaking, prohibit the admission *by either party* of for-their-truth statements by any person other than the defendant, and prohibit admission *by the defense* of the defendant's own statements for their truth, except for completeness purposes.

*Third*, under the procedure proposed in step two above, the Government expects that the scope of the defense's cross-examination will be relatively narrow, and will not implicate any source-related testimony. But to the extent there are permissible cross-examination questions or subject matters that would have the potential to elicit information about or from confidential sources, the Court then could conduct an *ex parte*, *in camera* interview with Mr. Lach to confirm whether confidential information would be implicated and, if so, whether either party could, if

---

[2] The Government notes that, contrary to Mr. Lach's claim, the Government *does not* "concede[] that it cannot make the required showing for eliciting…confidential information." (Dkt. 153 at 2). The Government has not made arguments about the higher showing applicable to confidential-source information for a single, straightforward, reason: the Government is not seeking any such information, either in its subpoena or in its direct examination.

necessary, make the more stringent showing required by *United States v. Cutler*, 6 F.3d 67, 71 (2d Cir. 1993).

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By: /s/
    Jessica Greenwood / Jane Kim / Derek Wikstrom
    Assistant United States Attorneys
    Tel.: (212) 637-1090 / 2038 / 1085