

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 8, 2024

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: <u>United States v. Whitehead</u>, S1 22 Cr. 692 (LGS)

Dear Judge Schofield:

  The Government respectfully requests permission to file this letter providing an update in response to the Court's May 1, 2024 Order (Dkt. 197), and briefly responding to the defendant's two briefs in opposition to the Government's motion to remand the defendant (Dkt. 200; Dkt. 202).

  *First*, the Government has spoken with the Andersons about the allegations contained in the email the Court docketed on May 1, 2024. (Dkt. 197). The Andersons are understandably uneasy about the defendant's public remarks, including remarks disparaging them, but the Government understands that the defendant has not made any direct or indirect threats against them. Accordingly, the Government is not relying on the allegations contained in the email in its application to remand the defendant, nor asking the Court to rely on or consider the email when ruling on the Government's motion.

  But even if the Andersons have not received threats, the defendant has certainly taken steps to create risks to them. The defendant has falsely claimed that the Andersons could have been charged with federal crimes, and that Ms. Anderson's son was an informant for the FBI. In a video the defendant posted to Instagram on April 23, 2024, promoting the April 30, 2024 YouTube video discussed in the Government's prior letter (*see* Dkt. 198), the defendant talked about his intention to disclose "a ton of paperwork that nobody else can get but me," documents he described as "inside stuff." The defendant suggested he "tell" the audience "a little secret": "What if Anderson, and her son, could've been charged with wire fraud? What if? On April 30th, I'ma show y'all some stuff. What if Ms. Anderson's son was the one who was behind it all? What if I show y'all that he was a federal informant? Woooo! Oh really? What if? Just what if?" The defendant stated later in the video that Ms. Anderson's son "was wired up, working for the FBI."[1] Those claims were false,

---

[1] This video is available at https://www.instagram.com/reel/C6ISrv4uQvT/?hl=en. In the video, the defendant also referenced the same Bible verse, Psalms 105:15, that he used to threaten the Andersons in May 2021 when they asked the defendant to return Ms. Anderson's $90,000. (*See* Tr. 320-21, 505-09).

and could only have been an attempt to trigger harassment or harm to the Andersons for being witnesses against the defendant. That the risks created by the defendant's public remarks have not yet materialized does not excuse his public postings, or make them any less concerning.

*Second*, regardless of the defendant's conduct relating to the Andersons, his disclosure of documents subject to the protective order constitutes contempt, for the reasons outlined in the Government's Section 3148 motion. (Dkt. 198). The defendant's response on that score is most notable for what it doesn't say: it does not deny that the defendant knew about the Protective Order. Nor does it deny that he knew that documents produced in discovery remained subject to the Order. Nor does it deny that he held up or waved around or read directly from documents that were subject to the Order. Instead, the defense argues that the Order "could potentially be read as not allowing the posting of that material, as opposed to barring discussion of that material." (Dkt. 202 at 2). That assertion is frivolous. There is no reading of the Protective Order that permits the defendant to read entire documents on video as long has he does not upload the documents to a social media website. Nor does that argument explain how the defendant's conduct is consistent with the Protective Order provision requiring that disclosure materials be used only for purposes of this case. Similarly, it is no defense that the defendant did not reveal anyone's "contact information" or anything that could impede an investigation. (Dkt. 202 at 2). The defendant is not entitled to make his own judgments about what *should be* subject to the Court's Protective Order, and to unilaterally narrow the order accordingly without Court intervention. And the defendant's own statements—including those quoted above, in which the defendant falsely claimed that Rasheed Anderson is a Government informant in order to cause him harassment or harm—belie the defense's suggestion that his public statements "have all stayed within the bounds of the Court[']s orders and dictates thus far." (Dkt. 202 at 4).

On this record, there is probable cause to believe that the defendant committed a new federal crime while on release. And the Court should find by a preponderance of the evidence that there is no condition that will assure that the defendant will not pose a danger to the safety of another person or the community, and that he is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b); *United States v. Gotti*, 794 F.2d 773, 777-78 (2d Cir. 1986).

*Finally*, if the Court is not persuaded that remand is required under Section 3148, the Court should at a minimum reopen its consideration of the defendant's conditions of release or detention. "Bail conditions are not set in stone." *United States v. Wang*, 670 F. Supp. 3d 57, 65 (S.D.N.Y. 2023), *aff'd* No. 23 Cr. 118 (AT), 2023 WL 4551637 (S.D.N.Y. July 14, 2023). Despite having continued the defendant's release after the verdict in this case, the Court is authorized to amend a release order "based on the possibility that a changed situation or new information may warrant altered release conditions." *Id.* (quoting *United States v. Dzhamgarova*, No. 21 Cr. 58 (MKV), 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021)). The defendant's flagrant violations of the Protective Order and his numerous public statements disparaging witnesses and others are new information, and they warrant reevaluation of the Court's decision, post-verdict, to continue the defendant's bail conditions.

If the Court does reopen its consideration of the defendant's bail, his detention is mandatory under the statute, and he should therefore be detained. For purposes of release pending sentence, the Bail Reform Act divides convictions into two categories. In the first, more lenient catchall

category, the statute provides that a court "shall order" a defendant who has been found guilty and is awaiting sentence detained unless there is "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." *Id.* § 3143(a)(1). In the second and more stringent category, Section 3143 *requires* the Court to order detention for defendants convicted of, among other things, a "crime of violence,"[2] unless they can make the clear-and-convincing showing required under subsection (a)(1) *and* either (i) the Court finds "a substantial likelihood that a motion for acquittal or new trial will be granted," or (ii) the Government recommends that no sentence of imprisonment be imposed. *Id.* § 3143(a)(2).

The defendant was convicted on Count Three, attempted extortion, which is a crime of violence under the Bail Reform Act. *See, e.g.*, *United States v. Ciccone*, 312 F.3d 535, 542 (2d Cir. 2002); *cf. also United States v. Romanello*, No. 23-8049, 2024 WL 676860, at *1 (2d Cir. Feb. 20, 2024) (same, re extortionate collection of credit and conspiracy to commit that crime). And neither of the requirements of Section 3143(a)(2) are met.

Detention is therefore mandatory, unless the Court finds "exceptional reasons" for the defendant's release under Section 3145(c). But the defense has not identified any "exceptional reasons" justifying the defendant's continued release—the defense only proffered that the defendant "has a wife and four children" who are "dependent" on him, and that his "family would suffer immense hardship were he to be remanded at this stage." (Dkt. 202 at 4). As a factual matter, those assertions are belied by the information the defendant provided to the United States Probation Office in connection with the presentence investigation. In that context, he claimed "that he has no income, and his wife is supporting household expenses." (Dkt. 201 ¶ 128; *see also id.* ¶¶ 105, 107 (the defendant's wife and children do not live with him; he "resides alone"); ¶ 131 (the defendant is tens of thousands of dollars in arrears on child support and "reported that he is not paying his child support obligation")).

And as a legal matter, they fail anyway. "Exceptional circumstances exist where there is a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (internal quotation marks and citation omitted). "[D]istrict courts have properly decided that circumstances that are purely personal do not typically rise to the level of exceptional warranting release pending sentencing." *Romanello*, 2024 WL 676860, at *1 (internal quotation marks omitted, quoting *United States v. Lippold*, 175 F. Supp. 2d 537, 540 9S.D.N.Y. 2001)). Nothing about having a family, or supporting them (which the defendant admitted to Probation he does not), is exceptional or out of the ordinary. *See, e.g.*, *Lippold*, 175 F. Supp. 2d at 540-41 (the fact that the defendant was "the father of three young

---

[2] The relevant section refers to a defendant who "has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142." 18 U.S.C. § 3143(a)(2). Subparagraph (A) of Section 3142(f)(1) includes "a crime of violence," which is defined for these purposes as "(A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or (C) any felony under chapter 77, 109A, 110, or 117." *Id.* § 3156(a)(4).

children whom he supports financially," combined with other personal circumstances relating to the defendant's family and job, "do not rise to the level of exceptional circumstances").

As a result, if the Court does not detain the defendant under Section 3148, it should nevertheless order his remand, because there is new information justifying a re-opening of the Court's release decision, and the Bail Reform Act mandates detention under the circumstances of this case. The defendant should be detained pending sentencing.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

By: /s/ _____
    Jessica Greenwood
    Jane Kim
    Derek Wikstrom
    Assistant United States Attorneys
    Tel.: (212) 637-1090 / 2038 / 1085