

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 14, 2024

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. Whitehead</u>, S1 22 Cr. 692 (LGS)

Dear Judge Schofield:

    At yesterday's conference in the above-referenced case, the Court ordered supplemental briefing about the effect of *United States v. Taylor*, 596 U.S. 845 (2022), and *United States v. Pastore*, 83 F.4th 113 (2d Cir. 2023), on the analysis of whether the defendant's conviction on Count Three, for attempted extortion, qualifies as a "crime of violence" under the Bail Reform Act. The Government respectfully submits this letter in response to that order. As explained below, those cases do not overrule or undermine the Second Circuit's Bail Reform Act case law. Attempted extortion remains a crime of violence for purposes of the Bail Reform Act, so remand is mandatory in this case.

    As the Court knows, Second Circuit precedent holds that extortion is a crime of violence for purposes of the Bail Reform Act. *E.g. United States v. Ciccone*, 312 F.3d 535, 542 & n.2 (2d Cir. 2002); *cf. also United States v. Ivezaj*, 568 F.3d 88, 96 (2d Cir. 2009) (applying categorical approach, RICO predicates including extortion "unquestionably" qualified as crimes of violence based on Section 924(c)'s residual clause). Under the Bail Reform Act's residual clause, inchoate versions of violent crimes are themselves considered violent. *See, e.g.*, *United States v. Chimurenga*, 760 F.2d 400, 404 (2d Cir. 1985). To be sure, after *Ciccone*, a series of Supreme Court cases invalidated residual clauses that were similar (and in some cases virtually identical) to the one in the Bail Reform Act. *See Johnson v. United States*, 576 U.S. 591, 597-602 (2015) (invalidating residual clause in the Armed Career Criminal Act on constitutional vagueness grounds); *Sessions v. Dimaya*, 584 U.S. 148, 152 (2018) (same, for the residual clause in 18 U.S.C. § 16, incorporated into the Immigration and Nationality Act); *United States v. Davis*, 588 U.S. 445, 447-48 (2019) (same, for the residual clause in Section 924(c)).[1] But after those cases were

---

[1] Before these cases, it appears to have been relatively uncontroversial that attempted extortion qualified as a residual-clause crime of violence. *See, e.g.*, *Geritano v. United States*, 120 F. App'x 871, 872 (2d Cir. 2005) (rejecting double-counting argument where defendant received Guidelines enhancements for gun possession in connection with two extortion convictions and also received a consecutive sentence for a Section 924(c) charge predicated on a separate "extortion attempt not charged in the superseding information"); *United States v. Friedman*, 300 F.3d 111, 115 (2d Cir.

decided, the Second Circuit rejected a vagueness challenge to the Bail Reform Act's residual clause. *See United States v. Watkins*, 940 F.3d 152, 159-61 (2d Cir. 2019) (holding that the Bail Reform Act's residual clause is not void for vagueness, and applying the categorical approach to conclude that possession of ammunition by a convicted felon is a crime of violence under the residual clause).

*Ciccone* and *Watkins* remain binding Second Circuit precedent. A decision from the Court of Appeals is binding on this Court "unless and until it is overruled in a precedential opinion by the Second Circuit itself or a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015) (internal quotation marks and citation omitted), *aff'd* 854 F.3d 197 (2d Cir. 2017). "For a district court to ignore binding Second Circuit precedent, it is not enough for a Supreme Court decision to be in tension with that precedent. It must be all but certain that the Second Circuit precedent will be overruled." *King v. Habib Bank Ltd.*, No. 20 Civ. 4322 (LGS), 2023 WL 8355359, at *1 (S.D.N.Y. Dec. 1, 2023) (internal quotation marks and citations omitted).

Nothing about *Taylor*, or cases like *Pastore* that applied *Taylor*, make it "all but certain" that *Ciccone* or *Watkins* will be overruled. To the contrary, those cases are consistent with the notion that attempted extortion remains a crime of violence under a statute that contains a valid residual clause.

In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery was not a "crime of violence" under Section 924(c)'s "elements clause." 596 U.S. at 851. The reasoning of *Taylor* was straightforward: a defendant can *attempt* to violate the Hobbs Act by planning out a robbery—however violent—and then taking a non-violent substantial step, such as casing the target of the robbery, or buying robbery paraphernalia, or planning an escape route. *Id.* at 851-52. Thus, it is not categorically violent under the elements clause. *Taylor* made clear that this holding was a direct product of the previous invalidation of Section 924(c)'s residual clause in *Davis*: the Court explained that prior to *Davis*, both parties agreed that attempted Hobbs Act robbery and conspiracy to commit Hobbs Act robbery were valid Section 924(c) predicates, but that in his habeas petition the defendant argued that "neither of those offenses *continued to qualify* as a 'crime of violence'" after *Davis*. *Id.* at 848-49 (emphasis added). And the *Taylor* Court bolstered its textual analysis of Section 924(c) by explaining that a contrary holding "would only wind up effectively replicating the work formerly performed by the residual clause, collapsing the distinction between them." *Id.* at 856-57. The unmistakable premise of that reasoning is that attempted robbery *was* a crime of violence under the residual clause, but not under the elements clause.

---

2002) (noting that defendants were charged with, among other things, conspiracy to commit extortion, attempted extortion, and "weapons possession in connection with these crimes" in violation of Section 924(c)); *United States v. Feinberg*, 89 F.3d 333, 339 n.3 (7th Cir. 1996) (describing as "meritless" the argument "that attempted extortion is not a 'crime of violence' as that term is defined in 18 U.S.C. § 924(c)(1)").

As for *Pastore*, its winding procedural history[2] reinforces the notion that the residual clause makes crimes of violence of inchoate crimes that no longer qualify solely under the elements clause. In the district court, defendant Salvatore Delligatti moved to dismiss a Section 924(c) count predicated on various inchoate crimes. The defendant argued "that the residual clause is unconstitutionally vague," requiring dismissal of his Section 924(c) count, which was predicated on a RICO conspiracy with predicate acts of extortion, a conspiracy to commit murder in aid of racketeering, an attempted murder in aid of racketeering, and a conspiracy to commit murder for hire. The district court rejected that argument, reasoning that "several predicate offenses would satisfy" the elements clause, but that in any event the Second Circuit had rejected the argument that the residual clause was unconstitutionally vague. *United States v. Delligatti*, No. 15 Cr. 491 (KBF), 2018 WL 9539130, at *3 (S.D.N.Y. Feb. 8, 2018). But the Second Circuit's rejection of a vagueness challenge to the Section 924(c) residual clause was short-lived. *Davis* was decided during the pendency of Delligatti's appeal, and as a result, when the Second Circuit affirmed his Section 924(c) conviction, it did so solely based on his attempted murder conviction. *See United States v. Pastore*, 36 F.4th 423, 426 (2d Cir. 2022). After that decision was issued, but before the mandate had issued, the Supreme Court issued *Taylor*; the defendant then moved for rehearing, prompting the Circuit to withdraw and supersede its opinion to address *Taylor*. *See Pastore*, 83 F.4th at 116. Even after *Taylor*, the Second Circuit's new opinion affirmed Delligatti's Section 924(c) conviction, holding that while the three conspiracies were not categorically crimes of violence under the elements clause, VICAR attempted murder, based on New York law, remained a valid Section 924(c) predicate. *Id.* at 119-20. The *Pastore* court distinguished *Taylor*, because *Taylor* turned on the fact that Hobbs Act robbery could be committed via threatened force, and as a result, an attempt to commit that crime could involve "the attempted threat of force—which need not involve the 'use, attempted use, or threatened use of physical force.'" *Id.* at 121 (quoting Section 924(c)(3)(A)). New York second-degree murder, unlike Hobbs Act robbery, required "the actual use of force," avoiding the "attempted threat" issue posed by the Hobbs Act, and thus remained a valid Section 924(c) predicate. *Id.*

There can be little doubt, based on *Taylor* and *Pastore*, that attempted extortion does not qualify as a crime of violence under the elements clause of the Bail Reform Act, which is substantively the same as the corresponding clause in Section 924(c). But nothing about those cases undermines the conclusion that attempted extortion remains a crime of violence under the residual clause. Nor do either of those cases undermine the holding of *Watkins*, that the Bail Reform Act's residual clause is not unconstitutionally vague. As a result, attempted extortion remains a Bail Reform Act crime of violence notwithstanding *Taylor* and *Pastore*.

There is one final issue to address. The Court asked at the conference whether *Watkins* is limited to pretrial detention or also applies to bail pending sentence or appeal. The answer is that *Watkins*'s vagueness holding applies regardless of when in the case the Court conducts a bail

---

[2] That procedural history is still being written. The published opinion titled *United States v. Pastore* in the Second Circuit actually dealt with a co-defendant, Salvatore Delligatti—Pastore's appeal was resolved in a companion summary order. *See United States v. Pastore*, No. 18-2482, 2022 WL 2068434 (2d Cir. June 8, 2022). Delligatti filed a petition for certiorari, and in a brief filed on May 1, 2024, the United States Solicitor General acquiesced to certiorari, recommending that the Supreme Court take up the case and affirm the Second Circuit on the merits.

analysis. The reason lies in vagueness law more broadly. The Supreme Court "has invalidated two kinds of criminal laws as 'void for vagueness': laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses." *Beckles v. United States*, 580 U.S. 256, 262 (2017). The *Watkins* decision relied on *Beckles*—which sustained the (now-defunct) residual clause contained in the United States Sentencing Guidelines against a constitutional vagueness challenge—to hold that the Bail Reform Act residual clause was not unconstitutionally vague. *Watkins*, 940 F.3d at 160. On that reasoning, it does not matter whether the vagueness challenge is brought by a defendant awaiting trial or one awaiting sentencing, because the Bail Reform Act never either defines, nor fixes permissible sentences for, criminal offenses. Accordingly, courts apply *Watkins* in considering post-conviction and post-sentencing bail applications. *See, e.g.*, *United States v. Todd*, No. 12 Cr. 45 (RJS), 2020 WL 1974219, at *2 & n.1 (S.D.N.Y. Apr. 24, 2020).

This is, in sum, a mandatory detention case. For the reasons set forth above, in the Government's prior submissions, and at yesterday's conference, the defendant should be detained pending sentence.

> Respectfully submitted,
>
> DAMIAN WILLIAMS
> United States Attorney
>
> By: /s/ _____
> Jessica Greenwood
> Jane Kim
> Derek Wikstrom
> Assistant United States Attorneys
> Tel.: (212) 637-1090 / 2038 / 1085