UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    UNITED STATES OF AMERICA,

              -against-                           22 Cr. 692 (LGS)

    LAMOR WHITEHEAD,                           **ORDER**
                            Defendant.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, at Defendant's sentencing hearing on July 8, 2024, this Court denied Defendant's request for bail pending appeal (the "Decision").

       WHEREAS, on September 18, 2024, the Second Circuit denied Defendant's application for bail pending appeal.

       WHEREAS, on October 28, 2024, this Court received Defendant's sealed motion for reconsideration (the "Motion"), dated October 23, 2024. On November 12, 2024, the Government filed a response. On November 18, 2024, this Court received Defendant's reply.

       WHEREAS, the Motion is denied below because it was filed three months after the original determination, more than the fourteen days allowed by Local Criminal Rule 49.1 for a defendant to file a motion for reconsideration.

       WHEREAS, the Motion is also denied because Defendant did not "identif[y] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," as required for reconsideration. *United States v. Brennerman*, No. 17 Cr. 337, 2023 WL 2242052, at *1 (S.D.N.Y. Feb. 27, 2023) (citing *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020))[1]; *accord United*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*States v. Williams*, No. 21-343, 2023 WL 1977601, at *1 (2d Cir. Feb. 14, 2023) (summary order).  "A motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced."  *United States v. Lesane*, No. 22 Cr. 110, 2023 WL 315268, at *2 (S.D.N.Y. Jan. 19, 2023).

WHEREAS, Defendant argued that *United States v. Taylor*, 596 U.S. 845 (2022), is an intervening change of law, making the crime for which he was convicted not a crime of violence and detention not mandatory.  This argument is unavailing because *Taylor*, a 2022 decision, is not "intervening" as it precedes the Decision.  This Court considered the parties' briefing about *Taylor* and its effect in granting the Government's request to revoke Defendant's bail after conviction in May 2024.

WHEREAS, in reply, Defendant identified *Dervishaj v. United States*, a summary order by the Second Circuit in August 2024, as an intervening change of law.  No. 22-2226, 2024 WL 3856971 (2d Cir. Aug. 16, 2024).  First, courts "generally do not consider" arguments raised in reply "for the first time."  *United States v. Pepin*, 514 F.3d 193, 203 n.13 (2d Cir. 2008); *see Frommer v. MoneyLion Techs. Inc.*, No. 23 Civ. 6339, 2023 WL 6850324, at *2 (S.D.N.Y. Oct. 17, 2023).  Second, a summary order is not precedential and therefore is not a change of law.  Third, *Dervishaj* did not change or extend *Taylor*, but instead simply cited *Taylor* for the proposition that attempted Hobbs Act extortion does not require proof of force, 2024 WL 3856971, at *3, which this Court considered before rendering the Decision.

WHEREAS, except for the indictment of New York City Mayor Eric Adams (the "Adams Indictment"), which has no relevance to the Decision, Defendant did not put forward new evidence that "was truly newly discovered or could not have been found by due diligence" to

2

warrant reconsideration. *United States v. Teman*, No. 19 Cr. 696, 2024 WL 1235616, at *3 (S.D.N.Y. Mar. 22, 2024). Defendant recounted his personal history with Belmonte since 2021, Belmonte's cooperation with the FBI "since 2013" and Belmonte's criminal history and indictment in 2023, but Defendant did not contend that any of such evidence had been undiscoverable. "A motion for reconsideration does not afford a defendant the opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *Id.*

WHEREAS, even assuming the evidence was previously unavailable to Defendant, Belmonte's credibility has no bearing on the issues relevant to Defendant's bail pending appeal. A convicted defendant who was sentenced to imprisonment and filed an appeal should presumptively be detained under 18 U.S.C. § 3143(b) unless the Court finds:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for the purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

*United States v. Randell*, 761 F.2d 122, 125 (2d Cir. 1985); *accord United States v. Hopkins*, No. 22 Cr. 465, 2024 WL 4265292, at *2 (S.D.N.Y. Sept. 20, 2024). Belmonte's statements were admitted at trial only as context for Defendant's statements and not for truth, *see United States v. Whitehead*, No. 22 Cr. 692, 2024 WL 659940, at *1 (S.D.N.Y. Feb. 16, 2024), making his credibility irrelevant.

WHEREAS, Defendant's attempt to link his case with the Adams Indictment is similarly unpersuasive. Defendant asserted that the Government was targeting Adams through Belmonte's extraction of information from Defendant. Even assuming the connection exists, it at best

undermines the credibility of Belmonte, an issue not presented at trial and irrelevant to Defendant's bail application.

WHEREAS, Defendant lists several substantive questions that he would raise on appeal: (1) whether the jury instructions were erroneous; (2) whether the indictment was defective; (3) whether some of the recordings introduced at trial were admissible; (4) whether Belmonte's invocation of his Fifth Amendment privilege violated Defendant's right to confrontation; (5) whether exclusion of Marc Kaplan and Dino Tomassetti violated Defendant's right to present a defense; (6) whether evidence was insufficient for fraud, attempted fraud, attempted extortion and false statement; (7) whether records of uncharged fraud introduced at trial were admissible; (8) whether the five consecutive special assessments of $100.00 were improper; (9) whether the prosecution's statement regarding Belmonte constitute prosecutorial misconduct.

WHEREAS, these questions do not warrant bail pending appeal because they either were "old arguments previously rejected" or "new arguments that could have been previously advanced." *Lesane*, 2023 WL 315268, at *2. The evidentiary objections in questions (3) and (7) were overruled. *See United States v. Whitehead*, No. 22 Cr. 692, 2024 WL 659940, at *1-*2 (S.D.N.Y. Feb. 16, 2024). The challenges to the sufficiency of evidence in question (6) and exclusion of witnesses in questions (4) and (5) were rejected. *See United States v. Whitehead*, No. 22 Cr. 692, 2024 WL 3085019, at *2 (S.D.N.Y. June 21, 2024). The remaining questions regarding jury instructions, defective indictment, special assessment and prosecutorial misconduct were all previously available to Defendant and should not be raised for the first time in a motion for reconsideration. *See Lesane*, 2023 WL 315268, at *4. It is hereby

**ORDERED** that Defendant's motion for reconsideration is **DENIED** and no further submissions are permitted.

The Clerk of Court is respectfully directed to close the motion at Dkt. 240 and to mail a copy of this Order to Defendant.

Dated: November 22, 2024
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

5