UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BISHOP LAMOR WHITEHEAD,

                      Petitioner,

-against-

UNITED STATES OF AMERICA, et al.,

                      Respondents.

25-CV-594 (LTS)

22-CR-692-1 (LGS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, currently incarcerated at the Federal Correctional Institution in Fairton, New Jersey, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging his June 17, 2024 conviction in this court. *See United States v. Whitehead*, No. 22-CR-692-1 (LGS) (S.D.N.Y., June 17, 2024). For the following reasons, the Court construes the motion as brought under 28 U.S.C. § 2255 but denies it without prejudice to Petitioner's filing a Section 2255 motion after the United States Court of Appeals for the Second Circuit issues its mandate on Petitioner's pending direct appeal of his conviction. *See United States v. Whitehead*, No. 24-1769 (2d Cir.).

## BACKROUND

      On March 11, 2024, in a matter presided over by Judge Lorna G. Schofield, a jury convicted Petitioner of wire fraud, attempted wire fraud, attempted extortion, and making false statements. *See United States v. Whitehead*, No. 22-CR-692-1 (LGS), ECF 108. On June 17, 2024, Judge Schofield sentenced Petitioner to concurrent prison terms totaling 108 months. *Id.* ECF 232. On June 27, 2024, Petitioner filed a notice of appeal with respect to that judgment; his direct appeal of his conviction remains pending in the Second Circuit.[1] (ECF 234.)

---

[1] Petitioner filed further notices of appeal with respect to the court's decisions as to three post-conviction motions he filed in the criminal action; his appeals of those decisions are also

## DISCUSSION

A motion brought under Section 2255 and a petition brought under Section 2241 "offer relief for different claims." *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court," may challenge the constitutionality of his federal conviction. *See Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) ("We have held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the imposition of his sentence."). Under 28 U.S.C. § 2241, a federal prisoner may challenge the execution of his federal sentence, "including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

Because Petitioner has been sentenced, the Court construes this Section 2241 petition as brought under Section 2255, and denies it without prejudice as prematurely filed because the appeal is still pending in the Second Circuit.[2]

A criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion.[3] *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). Although

---

pending in the Second Circuit. Nos. 25-231, 25229, 24-3162.

[2] Normally, out of concern for the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* § 2255(h), the Court must allow a *pro se* litigant notice and an opportunity to withdraw his submission before the Court recharacterizes it as a Section 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). But that is not a concern here. The Court's denial of the motion without prejudice does not trigger the AEDPA's "second or successive" provision with respect to the next Section 2255 motion Petitioner may file to challenge his conviction or sentence in *Whitehead*, No. 22-CR-692-1 (LGS). *See Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004); *Brudi v. United States*, No. 14-CV-0962 (JPO), 2014 WL 6390302, at *2 n.1 (S.D.N.Y. Nov. 17, 2014).

[3] Ineffective assistance of counsel claims may be brought in a Section 2255 motion

there is no jurisdictional bar to adjudication of a Section 2255 motion while a direct appeal is pending, *see United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), district courts generally conclude that declining to do so is in the interest of judicial economy "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time," *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks and citation omitted), and to avoid expending resources to reach a decision that could be rendered a "nullity" by the results of a direct appeal, *Outen*, 286 F.3d at 632.

Given that Plaintiff's direct appeal of his judgment of conviction is not yet final, and a Section 2255 motion would therefore be premature, the petition for a writ of *habeas corpus,* construed as brought under 28 U.S.C. § 2255, is denied without prejudice as prematurely filed.

## CONCLUSION

The petition for a writ of *habeas corpus,* construed as brought under 28 U.S.C. § 2255, is denied without prejudice as prematurely filed. All pending matters are terminated.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

without first being raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

The Court directs the Clerk of Court to enter a judgment in this action.

SO ORDERED.

Dated:   May 27, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                            Chief United States District Judge