U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 18, 2025

**BY ECF**
The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: **United States v. Whitehead,**
     **S1 22 Cr. 692 (LGS)**

Dear Judge Schofield:

  The Government respectfully writes in opposition to the defendant's motion seeking: (1) dismissal and/or vacatur of his convictions; (2) disqualification of the U.S. Attorney's Office for the Southern District of New York; and (3) bail pending appeal. (Dkt. 263 ("Def. Mot.")). The defendant's motion is unsupported by the law and the facts and is entirely without merit. For the reasons that follow, the Government respectfully submits that the motion should be denied in its entirety.

## RELEVANT BACKGROUND

  On March 11, 2024, following a jury trial, the defendant was convicted of all five counts of Indictment S1 22 Cr. 692 (LGS) (the "Indictment"). Specifically, based on the overwhelming evidence presented at trial, the jury found that the defendant was guilty of: (1) defrauding a victim, Pauline Anderson, of approximately $90,000, from in or about 2021 through in or about 2022, in violation 18 U.S.C. §§ 1343 and 2 (Count One); (2) attempting to defraud a victim, Brandon Belmonte, of certain real estate interests and approximately $500,000, in or about 2022, in violation of 18 U.S.C. §§ 1343, 1349, and 2 (Count Two); (3) attempting to extort Belmonte of approximately $5,000, using threats of force, violence, and physical harm, in violation of 18 U.S.C. § 1951 (Count Three); (4) making false statements to federal agents on or about June 8, 2022, in violation of 18 U.S.C. § 1001 (Count Four); and (5) defrauding victim lenders in or about 2018 in efforts to obtain a $250,000 business loan, in violation of 18 U.S.C. §§ 1343 and 2 (Count Five). On May 20, 2024, the Court remanded the defendant pending sentencing. (Dkt. 214).

  On June 17, 2024, the Court denied the defendant's post-trial motions for a judgment of acquittal or a new trial under Federal Rules of Criminal Procedure 29 and 33 (Dkt. 229), filing a written Opinion and Order on June 21, 2024 (Dkt. 233).

On June 17, 2024, the Court sentenced the defendant to 108 months' imprisonment, to be followed by three years' supervised release, and imposed restitution, forfeiture, and a $500 mandatory special assessment. (Dkt. 232). At sentencing, the Court highlighted the defendant's "incontrovertible" perjury when he testified at trial; his criminal history, which included prior "crimes of dishonesty"; the lack of deterrence provided by his prior criminal sentences; and his lack of remorse or "appreciation of the impact of [his] crimes or even in some ways the fact of [his] crimes." (Sent. Tr. of June 17, 2024, at 59-61). The Court explained that "any one of [Whitehead's] crimes would warrant a substantial sentence" and imposed a "sentence based on all of those crimes" in order to "promote respect for the law, to deter [Whitehead] and others from committing similar crimes, and importantly, to protect the public from further crimes." (*Id.*).

The defendant filed various appeals *pro se* and *in forma pauperis* to the Second Circuit. *See United States v. Whitehead*, 2d Cir. Case Nos. 24-1769, 24-3162, 25-229, 25-231.[1] The defendant moved for bail pending appeal, which the Second Circuit denied on September 18, 2024, concluding that the defendant had failed to identify a substantial issue of law or fact to be raised on appeal. (Dkt. 239). The defendant has also appealed from the judgment of conviction entered on June 17, 2024, as discussed further below. *Whitehead*, 2d Cir. Case No. 24-1769. In this appeal, which has been fully briefed before the Second Circuit and is expected to be scheduled for oral argument this term, the defendant has been represented by two sets of court-appointed counsel. The defendant's first set of court-appointed appellate counsel filed an opening brief on January 16, 2025, but moved on March 24, 2025, to be relieved as counsel because "new circumstances related to Mr. Whitehead's case have led him to insist on pursuing a course of action with which I have a fundamental disagreement." *Id.*, Dkt. 78.1 ¶ 6. The defendant's second set of appellate counsel was appointed on March 28, 2025. Current appellate counsel was provided the opportunity to file a new opening brief and declined to do so, ultimately deciding to rely on the brief filed by former appellate counsel. *Id.*, Dkt. 92. On appeal, the defendant claims that: (1) the trial evidence was insufficient to support the defendant's convictions on Counts Two, Three, and Four of the Indictment; (2) this Court abused its discretion in admitting evidence of uncharged similar frauds under Federal Rule of Evidence 404(b); (3) this Court improperly upheld Belmonte's invocation of his Fifth Amendment rights and precluded his testimony; (4) this Court abused its discretion by delivering an uncalled witnesses instruction; (5) the Government engaged in misconduct in its summation and rebuttal addresses by describing the defendant as having told "lies" and perpetrated "cons"; and (6) the defendant's sentence was procedurally unreasonable.[2]

---

[1] The defendant was represented by Dawn M. Florio, Esq., at trial and sentencing. On appeal, upon the defendant's request, the Second Circuit appointed counsel for the defendant. *See United States v. Whitehead*, 2d Cir. Case No. 24-1769, Dkt. 19 (2d Cir. Aug. 12, 2024). The instant motion was filed by retained counsel, Andrew J. Frisch, Esq.

[2] The Second Circuit has denied and dismissed the remainder of the defendant's appeals, including his motions for bail pending appeal, as lacking "an arguable basis either in fact or in law." *Whitehead*, Nos. 24-3162, 25-229, 25-231, Dkt. 37.1 (2d Cir. June 20, 2025).

**DISCUSSION**

In his motion, the defendant asks the Court to grant him extraordinary relief that is unsupported by the law or facts. In particular, the defendant asks the Court to (1) overturn a jury verdict and release him from a lawfully imposed sentence of incarceration; (2) disqualify the United States Attorney's Office for the Southern District of New York from continuing to prosecute his case; and (3) grant him bail pending appeal. The defendant's motion should be denied in its entirety.

First, the Court should deny the defendant's motion for lack of jurisdiction under Federal Rule of Criminal Procedure 37(a) in light of the defendant's pending appeal before the Second Circuit. *See* Fed. R. Crim. P. 37(a) (on a timely motion that the court lacks authority to grant because of a pending appeal, the court can defer ruling, deny the motion, or issue an indicative ruling). The "filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also United States v. Ransom*, 866 F.2d 574, 575 (2d Cir. 1989) (per curiam) (*Griggs* applies in criminal cases). Where a defendant seeks reconsideration of an issue pending on appeal, the Court cannot grant the motion, although the Court can still deny it. *See, e.g.*, *United States v. Rodriguez*, No. 93 Cr. 549 (JFK), 2021 WL 2444564, at *2 (S.D.N.Y. June 15, 2021) (noting lack of jurisdiction over motion to reconsider an order that had been appealed). Indeed, for this same reason, in January 2025, the Court denied the defendant's *pro se* motion for reconsideration "in light of the [defendant's] notice of appeal," which "divest[ed] the district court of its control." (Dkt. 256 (citing *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996); *United States v. Cosme*, No. 13 Cr. 43 (LAP), 2024 WL 3445425, at *1 (S.D.N.Y. July 17, 2024))).

Second, the defendant's request that his convictions be dismissed or vacated lacks any basis in the law. The defendant has been convicted and sentenced, and his criminal case before this Court has concluded. His motion for dismissal and/or vacatur is procedurally untethered to any statute or rule authorizing requests for relief from a district court at this stage of his criminal case. The only potential authorities cited by the defendant in support of his request are Executive Order 14147 and the Rule 48(a) motion filed in a separate criminal case. But Executive Order 14147 does not entitle the defendant to any relief; indeed, it expressly provides that it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or equity by any party against the United States." Similarly, the defendant is in no way entitled to benefit from or rely upon the Rule 48(a) motion filed by the Department of Justice in a separate case. Relief under Rule 48(a), by the Rule's express terms, must be sought by "[t]he government," and here, the Government opposes the defendant's request for post-conviction relief. The defendant has cited no law to suggest that the dismissal of a separate criminal case entitles him to any relief, much less the extraordinary relief of dismissal or vacatur over the Government's objection following a trial and jury verdict.

The Government respectfully submits that the above jurisdictional and procedural defects are dispositive, and, based on the foregoing, the defendant's motion for dismissal and/or vacatur should thus be denied.[3]

The defendant's motion to disqualify the U.S. Attorney's Office for the Southern District of New York from his case is equally meritless and should also be denied. There is no basis in this case for the "extreme remedy of disqualification of an entire U.S. Attorney's Office" that the defendant seeks. *United States v. Ramirez*, No. 03 Cr. 1079 (SWK), 2004 WL 203034, at *3 (S.D.N.Y. Feb. 2, 2004). The defendant has failed to make any non-frivolous allegation, much less a "showing," "of bad faith, misconduct, or actual prejudice on the part of the prosecutor" to justify this request. *Id.*

Finally, the defendant's motion for bail pending appeal should be denied. The defendant is serving his sentence and this Court has "lost its authority to grant bail" under the Bail Reform Act. *United States v. Nkanga*, 450 F. Supp. 3d 491, 495 (S.D.N.Y. 2020) ("[T]he sentence commences—and is executed—upon imposition and remand to BOP custody.") (citing cases)); *see* 18 U.S.C. § 3143 (applies to defendants "awaiting imposition or execution of sentence"). In addition, this Court has already denied the defendant's motion for bail pending appeal because the defendant was convicted of attempted extortion, a crime of violence, and his detention is mandatory. (Dkt. 218 (Tr. of May 22, 2024) at 3-5 (concluding that "detention is mandatory" because the defendant was convicted of a crime of violence and because there is not "a substantial likelihood that defendant's motion for acquittal or a new trial will be granted")); *see also* 18 U.S.C. § 3143(b)(2) (where defendant convicted of a crime of violence, the Court "shall order" detention pending appeal); *United States v. McAllister*, 974 F.2d 291, 292 (2d Cir. 1992) (in a case involving a crime-of-violence conviction, there is "no discretion" to order release pending appeal, "no matter how 'substantial' the appellate issues may be"). The Second Circuit also denied bail pending appeal, concluding that the defendant "failed to meet his burden" of satisfying the requirements of § 3143(b)(1). (Dkt. 239). Accordingly, even if the defendant's detention were not mandatory, for the reasons set forth above, the issues raised in the defendant's motion are meritless, and thus do not raise a "substantial question" on appeal. 18 U.S.C. § 3143(b)(1)(B). The defendant should continue to serve his sentence while his appeal proceeds.

---

[3] To the extent the Court is not inclined to deny the defendant's motion based upon the jurisdictional and procedural grounds discussed above, the Government respectfully requests the opportunity to address the purported factual allegations of misconduct advanced by the defendant—all of which are without merit.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion should be denied in its entirety.

          Respectfully submitted,

          JAY CLAYTON
          United States Attorney

By: /s_____
    Jessica Greenwood
    Jane Kim
    Assistant United States Attorneys
    Tel.: (212) 637-1090 / 2038