# CUTI FRISCH PLLC

October 28, 2026

*By ECF*

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*Re: United States v. Lamor Whitehead, Criminal Docket No. 22-692 (LGS)*

Dear Judge Schofield:

I expect that the Clerk of the Court will shortly docket a notice of appeal on Bishop Whitehead's behalf from the Court's order at Docket 286. I respectfully submit this letter as an application for a certificate of appealability under 28 U.S.C. § 2253(c)(2). The bases for Mr. Whitehead's motion includes relief pursuant to 28 U.S.C. § 2255. *See, e.g.*, Dkt. 263 at 24; Dkt. 270 at 4 (habeas relief is available to remedy fundamental defects in this case resulting in a miscarriage of justice such as selective prosecution based on improper prosecutorial motive, the government's concealment of its improper prosecutorial motive, and its various contrivances to sustain an untenable case).

Bishop Whitehead's motion, *see, e.g.,* Dkts. 262, 263, 266, 270, 276, incorporated by reference herein, amply raises a substantial showing of denial of a constitutional right. At the very least, reasonable jurists could debate that his motion should have been resolved in a different manner, or that issues presented are adequate to deserve encouragement to proceed further. *See Sosa v. United States*, 2003 U.S. Dist. LEXIS 16822 at *1-2 (S.D.N.Y. Sep. 22, 2003).

Consider just the following sampling of the oddities of this case raising a substantial showing of constitutional deprivation:

- The government declined to address the merits of Bishop Whitehead's motion despite multiple directions from the Court and opportunities to do so, leaving inferences of constitutional deprivations and prosecutorial contrivances unrebutted;

- The government declined even to attempt to show that there has ever been any other case in which the centerpiece or even an ancillary piece was a federalized state civil claim for just $90,000 on the precipice of default judgment for the plaintiff;

- The government declined to address its own Office's expressed views that it was "pretty plausible" that the United States Attorney had a political motive and obvious political ambitions in prosecuting Mayor Adams (and thus initiating its subsidiary investigation of Bishop Whitehead).

As for the Court's reliance (*see* Dkt. 286) on the Supreme Court's remand to the Second Circuit to deny relief under Fed R. Crim. P. 37(a), Bishop Whitehead's motion was *sub judice* before the remand. The Court's reliance on the remand and the pendency of the motion when the Court had authority to act itself raises a substantial issue worthy of appellate review.

A certificate of appealability should issue to permit further review of the atypical and substantial issues raised in Bishop Whitehead's motion.

Respectfully submitted,

*/s/ Andrew J. Frisch*
Andrew J. Frisch

cc: United States Attorney's Office

Defendant's request for a certificate of appealability is **DENIED** as unnecessary. Defendant's motion was principally framed as a request for an indicative ruling under Federal Rule of Appellate Procedure 12.1(a). Although Defendant's supporting memoranda also invoked 28 U.S.C. § 2255, they did so as one of several potential procedural vehicles for obtaining the requested relief, and the October 16, 2026, order denying Defendant's motion (the "Order") did not construe or adjudicate the motion as a petition under § 2255. Because the Order was not a final order in a proceeding under § 2255, no certificate of appealability is required. *See* 28 U.S.C. § 2253(c)(1)(B).

The Clerk of Court is respectfully directed to terminate Dkt. 288.

Dated: October 29, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE